**In re TEXAS WORKERS' COMPENSATION INSURANCE FUND, Relator.**

No. 98–0235.

Supreme Court of Texas.

July 1, 1999.

Lynne Liberato, Michelle McCoy Monger, Kent Rutter, Melissa E. Maxwell, Houston, Roger W. Hughes, Harlingen, Mike Mills, McAllen, for Relator.

Christopher T. Carver, Kevin Glasheen, Lubbock, Suzanne M. Schwarz, McAllen, Frank Costilla, Brownsville, Ramon Garcia, Edinburg, for Respondent.

Justice HECHT, joined by Justice OWEN, dissenting from the denial of the petition for writ of mandamus.

I respectfully dissent from the denial of petitioner's motion for rehearing of the denial of its petition for mandamus.

Jose Serrano and his family filed suit for injuries he suffered at work when he was crushed between a trailer loaded with vegetables and a truck, rendering him paraplegic. The Texas Workers' Compensation Insurance Fund intervened to assert its subrogation claim for compensation benefits paid Serrano. Plaintiffs then sued TWCIF for bad faith and statutory violations based on its denial of certain benefits—a new house, a translating service, payment to Serrano's wife for acting as his nurse, and a queen-size bed. Only the Texas Workers' Compensation Commission is authorized to determine whether such benefits should have been paid.[1] TWCIF asked TWCC for a benefit review conference, but the TWCC refused on the ground that the party claiming reimbursement or reasonable and necessary medical expenses should pursue the claim. TWCIF moved to abate plaintiffs' action until Serrano obtained a determination by the TWCC that additional benefits were due. The district court denied the motion to abate, and the court of appeals refused to issue mandamus.

The district court's ruling subverts the workers' compensation scheme by allowing Serrano to press his claim for improper denial of benefits without the necessary predicate that such benefits were improperly denied. All the parties are thus forced to litigate issues that the lawsuit cannot resolve absent an agency determination that Serrano was denied benefits he should have received.[2] Denying the motion to abate was a clear abuse of discretion in ruling on an question of law and therefore reviewable by mandamus.[3] Ap-

1. *Saenz v. Fidelity & Guar. Ins. Underwriters,* 925 S.W.2d 607, 612 (Tex.1996).

2. *See Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 341 (Tex.1995) (insured must show a right to benefits as a predicate to a bad faith claim for denial o f those benefits).

3. *See Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992).

peal is an inadequate remedy because a judgment for Serrano must certainly be reversed, and meanwhile TWCIF is denied the benefit of the administrative process designed to resolve such issues.[4]

The court of appeals' refusal to issue mandamus relief is in direct conflict with another court of appeals' decision in *In re Luby's Cafeterias, Inc.*[5] There an employee sued her employer for damages resulting from a co-worker's sexual assault. The court of appeals issued mandamus directing the district court to abate the action until the TWCC could rule whether plaintiff's injury was compensable and her suit thereby precluded. The court explained that "it would be pointless for the court and parties in the underlying suit to expend their resources on a trial until the Commission first decides the compensability issue."[6] The same thing is true in the present case.

I would grant the motion for rehearing and direct the district court to abate Serrano's action against TWCIF. Accordingly, I respectfully dissent.

---

4. *See Texas Water Comm'n v. Dellana,* 849 S.W.2d 808, 810 (Tex.1993) (granting mandamus to require exhaustion of administrative remedies).

5. 979 S.W.2d 813 (Tex.App.—Houston [14th Dist.] 1998).

6. *Id.* at 816.