## TEXAS WORKERS' COMPENSATION INSURANCE FUND, Petitioner,

v.

## Jose SERRANO and Graciela Chairez, individually and as next friend of Alonzo Serrano, Jose Serrano, and Guadalupe Serrano, Respondents.

No. 99–0122.

Supreme Court of Texas.

Dec. 16, 1999.

Rehearing Overruled Feb. 10, 2000.

Lynne Liberato, Houston, Roger W. Hughes, Harlingen, Mary Barrow Nichols,

Austin, Michelle McCoy Monger, Kent Rutter, Houston, John Thomas Dailey, San Antonio, Mike Mills, McAllen, Jeffrey R. Boggess, Austin, for Petitioner.

Frank Costilla, Brownsville, Suzanne M. Schwarz, McAllen, Christopher T. Carver, Kevin Glasheen, Lubbock, Ramon Garcia, Edinburg, for Respondent.

Justice HECHT, dissenting from the denial of the petition for review.

I respectfully dissent from the Court's denial of the petition for review.

Jose Serrano, a migrant farm worker, was injured on the job when a truck backed into him, pinning him to a parked trailer. He sustained a severe spinal injury that left him a paraplegic. During his month-long hospitalization he suffered multiple heart attacks. He is not expected to walk again.

Serrano applied for and received workers' compensation benefits. Serrano, his wife, and his three minor children sued the owner and driver of the truck and the owner of the trailer. Serrano claimed damages for past and future loss of earnings, past and future medical expenses, permanent disfigurement, and pain and anguish. His wife and children claimed damages for loss of consortium, and his wife also claimed damages for loss of household services. The Serranos settled their claims against the truck owner and driver for $750,000. (The Serranos also settled with the trailer owner for $450,000, but those proceeds are not part of the present dispute.)

The Texas Workers' Compensation Insurance Fund, which paid Serrano compensation benefits,[1] intervened in the action to assert its subrogation claim for $247,640.20 in medical expenses and $3,200.14 in income benefits. The Fund also offered evidence that Serrano would be paid income benefits of $125,307.00 in the future if he reached his life expectancy. The Fund is entitled to reimbursement of amounts paid to or for Serrano only from any recovery obtained by him from others, and not from damages awarded to his family. The Serranos did not challenge the Fund's figures but argued that most of the settlement proceeds should be distributed to Serrano's family. After an evidentiary hearing, the district court allocated the settlement amount $250,000 to Serrano, $200,000 to his wife, and $100,000 to each of his children. From Serrano's portion the court ordered the Fund to be reimbursed $3,200.14 and the Serranos' attorneys to be paid $72,912.50 in fees. The district court refused to reimburse the medical expenses paid by the Fund on the grounds that it had failed to prove that each amount paid was reasonable and necessary. The Fund appealed, complaining both of the denied reimbursement of medical benefits paid, and of the allocation of the settlement proceeds among the plaintiffs.

The court of appeals affirmed on the grounds that the Fund had failed to prove its claim and did not reach the allocation issue.[2] This Court reversed, holding that proof of the reasonableness and necessity of the medical expenses was unnecessary, and remanded the case to the court of appeals to consider the allocation issue.[3] The court of appeals again affirmed, holding that "the evidence was legally and factually sufficient to support the trial court's division of the settlement."[4]

1. The Serranos have sued the Fund for bad faith. *See In re Texas Workers' Ins. Compensation Fund*, 997 S.W.2d 247 (Tex.1999) (Hecht, J., dissenting from the denial of the motion for rehearing of the petition for review).

2. *Texas Workers' Compensation Ins. Fund v. Serrano*, (Tex.App.—Corpus Christi 1997),

*rev'd*, 962 S.W.2d 536 (Tex.1998) (per curiam).

3. *Texas Workers' Compensation Ins. Fund v. Serrano*, 962 S.W.2d 536 (Tex.1998) (per curiam).

In its petition for review, the Fund argues that there is no evidence to support the allocation of settlement proceeds. I agree. It is simply inconceivable that a man who was crushed between two vehicles and paralyzed from the waist down for life, who was hospitalized for more than a month and incurred over $247,000 in medical bills, and who is totally disabled and has lost or will lose more than $128,000 in income, is entitled to only half the damages awarded his wife and three children for their loss of consortium and household services. Serrano cannot pay his attorney fees and medical bills with his share of the settlement, while his wife and children have received $500,000 clear. It is no answer that each plaintiff proved damages in excess of the settlement proceeds received. There must be evidence to support the allocation overall, not just each plaintiff's individual recovery. No evidence supports a disproportionately small award to Serrano; if anything, given the limited settlement funds, the evidence supports a disproportionately large share for Serrano. Nor can the allocation be justified by the rationale that noneconomic damages are difficult to quantify, as the court of appeals observed.[5] Difficult as it is to assess exactly what each plaintiff's damages are, it is impossible to find from the evidence presented that Serrano's damages were only half those his family suffered.

The lopsided allocation requested by the Serranos and ordered by the district court minimizes the amount paid the Fund to reimburse medical expenses and income benefits. This defeats the Legislature's policy in providing subrogation rights to compensation carriers "to prevent over-

compensation to the employee and to reduce the burden of insurance to the employer and to the public."[6] Other courts have refused to approve similarly unsupported allocations of lump-sum settlements.[7] To protect legislative policy and to resolve the conflict in the courts of appeals' decisions, I would grant the petition for review, reverse the court of appeals' judgment, and remand the case to the district court for a fair allocation of the settlement proceeds. Accordingly, I respectfully dissent.

---

4. *Texas Workers' Compensation Ins. Fund v. Serrano*, 985 S.W.2d 208 (Tex.App.—Corpus Christi 1999).

5. 985 S.W.2d at 211.

6. *Capitol Aggregates, Inc. v. Great Am. Ins. Co.*, 408 S.W.2d 922, 924 (Tex.1966).

7. *See Texas Workers' Compensation Ins. Fund v. Travis*, 912 S.W.2d 895, 898–899 (Tex. App.—Fort Worth 1995, no writ); *Insurance Co. of N. Am. v. Wright*, 886 S.W.2d 337, 340 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *but see United States Fire Ins. Co. v. Hernandez*, 918 S.W.2d 576, 578–579 (Tex. App.—Corpus Christi 1996, writ denied).