**LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellant,**

v.

**Kristine SCHRULL, Appellee.**

**No. 14–94–00308–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 22, 1995.

Rehearing Overruled Sept. 14, 1995.

Dissenting Opinion on Motion for Rehearing Sept. 14, 1995.

Damon A. Crenshaw, Houston, for appellant.

Daniel B. Linebaugh, Baytown, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

Appellant, Liberty Mutual Fire Insurance Company [Liberty Mutual], appeals the trial court's method of calculating the future benefit Liberty Mutual received from the settlement of the case. In three points of error, appellant complains that the trial court erred in awarding attorney's fees based on this erroneous calculation of future benefit. We affirm.

On September 12, 1990, appellee's husband was killed in the course and scope of his employment. Liberty Mutual paid worker's compensation death benefits to appellee. Appellee filed suit against her husband's employer and other parties involved in the incident. Liberty Mutual intervened in this third party law suit, seeking subrogation. A settlement was reached in the amount of $420,000. The record reflects that appellee would receive approximately $235,000 after reimbursement to Liberty Mutual for past death benefits, attorney's fees, and expenses. The trial court held an evidentiary hearing to determine the attorney's fee Liberty Mutual owed appellee's attorney for obtaining the benefit accruing to Liberty Mutual from the settlement. The trial court awarded $159,-516.60 in attorney's fees from Liberty Mutual to appellee's attorney for the benefit accruing to Liberty Mutual as a result of the efforts of appellee's attorney. The trial court explained that this amount represented 30% of the benefit accruing to Liberty Mutual. Thus, the trial court based the attorney's fees on $531,722 future benefit to Liberty Mutual. On December 20, 1993, the trial court entered final judgment which relieved Liberty Mutual from its responsibility of paying workman's compensation benefits to appellee in the future.

In its first two points of error, appellant contends the trial court erred in its determination of the amount of future benefits Liberty Mutual was relieved of paying as the result of the settlement because Liberty Mutual might have to start paying benefits again in the future. Appellant also contends the award of attorney's fees to appellee's attorney was erroneously high because it was based on the erroneous determination of benefits accruing to Liberty Mutual. TEX.REV. CIV.STAT.ANN. art. 8307 sec. 6a (Vernon 1987), provides for the award and apportionment of attorney's fees allowable out of the insurance carrier's subrogation recovery, taking into account the benefit accruing to the carrier as a result of each attorney's service, the aggregate of such fees not to exceed one-third of the subrogated interest. Case law clearly includes both the amount paid as well as relief from liability for future payments in the carrier's subrogation recovery. See *Chambers v. T.E.I.A.*, 693 S.W.2d 648 (Tex. App.—Dallas 1985, writ ref'd n.r.e.); *Ischy v. Twin City Fire Ins. Co.*, 718 S.W.2d 885 (Tex.App.—Austin 1986, writ ref'd n.r.e.); *Vanguard Ins. Co. v. Humphrey*, 729 S.W.2d 344 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). Here, the parties disagree over the amount of future benefits Liberty Mutual was relieved of paying due to the settlement.

As a matter of law, the judgment precludes appellee from further recovery of death benefits from Liberty Mutual. Appellee's attorney secured a settlement of $420,000 as well as the release of Liberty Mutual from *any* obligation to pay future death benefits to appellant. Thus, appellee's attorney saved Liberty Mutual from having to pay the entire amount of future death benefits, which, *according* to the U.S. Life Tables, was $531,722. Since the future benefit accruing to Liberty Mutual as a result of the settlement was properly determined by the trial court, the attorney's fees were properly based on this amount. Points of error one and two are overruled.

In its third point of error, appellant contends that the trial court erred in denying its motion for new trial because the award of attorney's fees was against the great weight and preponderance of the evidence. As discussed in its first two points of error, the trial court properly awarded attorneys fees. Thus, the trial court did not err in overruling appellants' motion for new trial. Point of error three is without merit.

We affirm the judgment of the trial court.

EDELMAN, dissenting on motion for rehearing.

Upon further review, I do not believe that the record supports the opinion of the majority. The majority opinion states that "the trial court entered final judgment which relieved [appellant] from its responsibility of paying workman's compensation benefits to appellee in the future." It thereafter concludes that, "[a]s a matter of law, the judgment precludes appellee from further recovery of death benefits from [appellant]."

The relevant language of the judgment orders "that all claims and causes of action, whether by cross action, counterclaim, third party action, or otherwise, by and between all parties hereto are hereby dismissed with prejudice." It further states that "[i]t is further acknowledged that after having heard evidence, argument, and reviewing ap-

plicable law, the Court has determined that said settlement enables [appellant] to recoup worker's compensation benefits paid in the past, as well as relieves [appellant] from its responsibility for paying worker's compensation benefits in the future."

However, in the lawsuit below, appellant was only an intervenor, and no claims were asserted against it by appellee. Therefore, it is not clear that the language in the judgment dismissing all claims and causes of action between the parties would foreclose a claim for future benefits by appellee against appellant.

Moreover, the statement in the judgment that appellant is relieved of paying future benefits does not directly grant or deny relief to the parties, but is more in the nature of a conclusion of law. Nor have the parties briefed, or we addressed, whether further recovery might thereby be barred by res judicata or the like.

In addition, the statement in the judgment concerning future benefits is based on a settlement among the parties, rather than a decision on the merits. Since that settlement agreement is not part of the record in this case, we cannot review whether the trial court correctly concluded that the settlement has the stated effect.

Therefore, I do not believe that we have sufficient basis to conclude that, "[a]s a matter of law, the judgment precludes appellee from further recovery of death benefits from [appellant]." Since that conclusion is the basis for our decision to affirm the judgment, I would instead reverse the award of attorneys fees and remand the case for reconsideration of that issue.