## TEXAS WORKERS' COMPENSATION INSURANCE FUND, Petitioner,

v.

## Jose SERRANO and Graciela Chairez, individually and as next friend of Alonzo Serrano, Jose Serrano, and Guadalupe Serrano, Respondents.

No. 97–0288.

Supreme Court of Texas.

Feb. 13, 1998.

Lynne Liberato, Houston, Michelle E. McCoy Monger, Dallas, John Thomas Dailey, San Antonio, Mike Mills, McAllen, for Petitioner.

Kevin Glasheen, Lubbock, Ramon Garcia, Edinburg, Suzanne M. Schwarz, McAllen, Sam L. Fadduol, Lubbock, Frank Costilla, Brownsville, for Respondents.

PER CURIAM.

Section 417.002(a) of the Texas Workers' Compensation Act provides that "[t]he net amount recovered by a claimant in a third-party action shall be used to reimburse the insurance carrier for benefits, including medical benefits, that have been paid for the compensable injury." TEX. LAB.CODE § 417.002(a). The single question before us is whether the carrier must prove that the amount of benefits paid was reasonable and necessary before it is entitled to reimbursement. The court of appeals answered yes. —— S.W.2d ——. We disagree.

Jose Serrano sustained disabling on-the-job injuries when he was pinned between a truck and trailer. Serrano, his wife, and his three minor children sued the truck owner, the truck driver, and the trailer owner. Texas Workers' Compensation Insurance Fund, the compensation carrier, intervened to assert its subrogation rights for $247,604.20 in medical benefits and $3,200.14 in indemnity benefits paid to or on behalf of Serrano. Plaintiffs settled with the truck owner and truck driver for $750,000. (Plaintiffs later settled with the trailer owner also for $450,-000, but that matter is not before us.) The district court approved the settlement and apportioned the proceeds $250,000 to Serrano, $200,000 to his wife, and $100,000 to each of his three children. Out of Serrano's share plaintiffs' attorneys were paid $72,912.50 in fees, and the Fund was reimbursed $3,200.14. The district court refused to reimburse the medical benefits paid by the Fund because although the Fund proved the total amount paid, it failed to prove that each amount paid was reasonable and necessary. The court ordered the undistributed balance of Serrano's share of the settlement paid into the registry of the court pending this appeal, and severed this dispute from the original action.

The Fund then appealed, complaining both of the denied reimbursement of medical benefits paid, and of the allocation of the settlement proceeds among the plaintiffs. The court of appeals affirmed. —— S.W.2d ——.

█ As the court of appeals acknowledged, Section 417.002(a) requires that a compensation carrier be reimbursed out of any third-party recovery for all benefits paid for an injury. The statute does not limit reimbursement to only those benefits that were reasonable and necessary. Since the injured worker receives the benefit of all amounts paid, the carrier is entitled to reimbursement without proving that the amounts paid to the worker or on his behalf were reasonable and necessary. As we said in *Guillot v. Hix,* any third-party recovery is "'burdened by the right of the insurance carrier to recoup itself for *compensation paid.*'" 838 S.W.2d 230, 232 (Tex.1992) (emphasis added) (quoting *Phennel v. Roach,* 789 S.W.2d 612, 615 (Tex.App.—Dallas 1990, writ denied), citing *Fort Worth Lloyds v. Haygood,* 151 Tex. 149, 246 S.W.2d 865, 868 (1952)). We reiterated in *Medina v. Herrera* that "the carrier is subrogated to the rights of the employee for *the amount of benefits paid*". 927 S.W.2d 597, 603 (Tex.1996)(emphasis added).

█ The court of appeals based its contrary conclusion on the Act's definitions of "medical benefit"—"payment for health care reasonably required by the nature of a compensable injury", TEX. LAB.CODE § 401.011(31)—and "health care"—"all reasonable and necessary medical ... services", *id.* § 401.011(19). In these provisions, however, the limits of "reasonably required" and "reasonable and necessary" expressly apply not to the amounts paid but to the care and services provided. They certainly do not modify the carrier's right under Section 417.002(a) by limiting it to only reasonable and necessary *amounts* paid.

The courts of appeals have consistently held that a carrier is entitled to reimbursement from third-party recovery for amounts paid. *E.g., Foster v. Truck Ins. Exch.,* 933

S.W.2d 207, 211 (Tex.App.—Dallas 1996, writ denied) (stating that third-party recovery must be used to reimburse the carrier "for benefits [the carrier] has paid"); *Lege v. Jones,* 919 S.W.2d 870, 874 (Tex.App.—Houston [14 th Dist.] 1996, no writ) (stating that the carrier had "the burden of proving the benefits it paid"); *Liberty Mut. Fire Ins. Co. v. Schrull,* 905 S.W.2d 12, 13 (Tex.App.—Houston [14 th Dist.] 1995, writ denied) (stating that subrogation recovery includes "amount[s] paid"); *Duke v. Wilson,* 900 S.W.2d 881, 886 (Tex.App.—El Paso 1995, writ denied) (noting that the carrier need only establish "the amount of benefits paid out"); *New York Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 856 S.W.2d 194, 201 (Tex.App.—Dallas 1993, no writ); *E.V.R. II Assocs., Ltd. v. Brundige,* 813 S.W.2d 552, 555 (Tex.App.—Dallas 1991, no writ) (overruling a challenge to a jury question about the "total amount [the carrier] paid the plaintiff as a result of the injury"). We are not aware of a court that has held as the court of appeals did in this case.

█ Section 413.017(1) of the Act states that "medical services are presumed reasonable [if] consistent with the medical policies and fee guidelines adopted by the commission". TEX. LAB.CODE § 413.017(1). The medical bills introduced in this case show on their face that amounts paid were in accordance with commission guidelines. On the record presented, the Fund was entitled to reimbursement.[1]

The court of appeals did not address the Fund's complaints regarding the allocation of the settlement, and the parties have not fully briefed those issues in this Court, and subsequent events in settling the entire litigation may be pertinent. Accordingly, the Court grants the Fund's application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and remands the case to that court for further proceedings. TEX.R.APP. P. 59.1.

█

---

1. There is no assertion here that reimbursement is claimed for any payments made fraudulently or by mistake.