92 S.W.3d 17 (2002)
The STATE of Texas By and Through the TEXAS DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Priscilla M. ESQUIVEL and Rudy Diaz, Appellees.
No. 08-01-00199-CV.
Court of Appeals of Texas, El Paso.
May 23, 2002.
*19 Hector J. Flores, Asst. Atty. Gen., Austin, for appellant.
Kurt Paxson, Steven L. Hughes, Mounce, Green, Myers, Safi & Galatzan, El Paso, for appellee.
Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

OPINION
RICHARD BARAJAS, Chief Justice.
This is an appeal from a workers' compensation subrogation case. For the reasons stated, we affirm.

I. SUMMARY OF THE EVIDENCE

In July 1998, Hector I. Jaquez, a Texas Department of Transportation employee, was rear-ended by Appellee, Priscilla Esquivel. Esquivel was driving an automobile owned by Appellee, Rudy Diaz. Appellant, the Texas Department of Transportation, filed its workers' compensation subrogation claim to recover its workers' compensation monies paid on behalf of Jaquez totaling $2,897.50 in medical benefits and $4,346.76 in indemnity benefits. Appellant also sought the recovery of its attorney fees and court costs.
After Jaquez testified at trial, Appellees moved for directed verdict on the grounds that (1) Appellant did not offer any evidence that Jaquez' medical expenses were reasonable or necessary; (2) Appellant was not entitled to recover indemnity benefits as an element of damages in a motor vehicle case; (3) Appellant did not offer any evidence of attorney's fees; and (4) Appellant's claims against Diaz were barred by the statute of limitations.
The trial court allowed Appellant to make a bill of exceptions concerning the additional evidence it intended to submit. Appellant called Priscilla Martinez, the legal representative for Appellant. Martinez testified to the total amount of Jaquez' medical expenses and indemnity benefits from a summary sheet. On voir dire, Martinez admitted she was not a doctor or healthcare provider. She also testified that she was not qualified to audit bills to determine whether they complied with the medical fee guidelines. Finally, Martinez stated that she was not qualified to calculate the actual impairment rating assessed to Jaquez. Appellant then stipulated that Martinez' testimony was all of the evidence it intended to offer. Thereafter, the court granted Appellees' directed verdict on all four grounds asserted. This appeal follows.

II. DISCUSSION

Appellant presents five issues on appeal attacking the granting of directed verdict. We begin with a discussion of the standard of review.

A. Directed Verdict
A directed verdict is proper when (1) the opponent's pleadings are defective and insufficient to support a judgment; (2) the evidence conclusively proves a fact that establishes the movant's right to judgment as a matter of law, or negates the right of the nonmovant to judgment; or (3) the evidence offered is insufficient to raise a fact issue on the cause of action at issue. ITT Consumer Financial Corp. v. Tovar, 932 S.W.2d 147, 159 (Tex.App.-El Paso 1996, writ denied). In reviewing the granting of a directed verdict by the trial court on an evidentiary basis, we determine *20 whether there is any evidence of probative force to raise fact issues on the material questions presented. Id. at 159, (citing Collora v. Navarro, 574 S.W.2d 65, 68 (Tex.1978)). We consider all of the evidence in a light most favorable to the party against whom the verdict was instructed and disregard all contrary evidence and inferences arising therefrom. White v. Southwestern Bell Telephone Co., Inc., 651 S.W.2d 260, 262 (Tex.1983); ITT Consumer Financial Corp., 932 S.W.2d at 159-60. If there is any conflicting evidence of probative force on any theory of recovery, the issue is for the jury; an instructed verdict is improper and the case must be reversed and remanded for the jury's determination on that issue. White, 651 S.W.2d at 262; ITT Consumer Financial Corp., 932 S.W.2d at 160. Where no evidence of probative force on an ultimate fact element exists or where the probative force of the testimony is so weak that only a mere surmise or suspicion is raised as to the existence of essential facts, the trial court has the duty to instruct the verdict. White, 651 S.W.2d at 262; ITT Consumer Financial Corp., 932 S.W.2d at 160.

1. Reasonable and Necessary Medical Expenses
In Issue No. One, Appellant argues that the trial court erred in granting directed verdict by ruling that Appellant must present evidence as to the reasonableness and necessity of its medical expenses. Appellees argue that Appellant's claim is derivative of Jaquez' claim and must therefore prove exactly what Jaquez would have been required to prove. We agree.
Appellant brought suit under Section 417.002(a) of the Labor Code which provides:
(a) The net amount recovered by a claimant in a third-party action shall be used to reimburse the insurance carrier for benefits, including medical benefits, that have been paid for the compensable injury.
TEX. LAB.CODE ANN. § 417.002(a) (Vernon 1996). The Texas Supreme Court has made it clear that a workers' compensation insurer who asserts a subrogation claim asserts a claim that belongs to the employee. Franks v. Sematech, Inc., 936 S.W.2d 959, 960 (Tex.1997) (per curiam) (emphasis added). The carrier's subrogation claim is derivative of the employee's claim. Franks, 936 S.W.2d at 960. There is but one cause of action against the third-party tortfeasor, and it belongs to the employee. Id.; Guillot v. Hix, 838 S.W.2d 230, 232 (Tex.1992). This is true irrespective of whether the insurer sues in its own name or the employee's name. Sematech, 936 S.W.2d at 960. Thus, the third-party tortfeasor in a workers' compensation subrogation action may assert defenses he would have had in a suit brought directly by the employee, such as a limitations defense. Guillot, 838 S.W.2d at 232-33. Further, because the State is self-insured, it is considered its own "insurance carrier" for purposes of the Workers' Compensation Act. Tex. Lab.Code Ann. § 401.011(27)(C) (Vernon Supp.2002).
Appellant relies on Texas Workers' Compensation Ins. Fund v. Serrano, for the proposition that the carrier is entitled to reimbursement without proving that the amounts paid to or on behalf of the worker were reasonable and necessary.[1]Texas *21 Workers' Compensation Ins. Fund v. Serrano, 962 S.W.2d 536, 537 (Tex.1998). In Serrano, the third-party tortfeasor was sued by the injured employee and the carrier intervened to assert its subrogation rights for medical and indemnity benefits paid to or on behalf of Serrano. Id. at 537. The Supreme Court noted that Section 417.002(a) requires that a compensation carrier be reimbursed out of any third-party recovery for all benefits paid for an injury. Fund, 962 S.W.2d at 538. Because the statute does not limit reimbursement to only those benefits that were reasonable and necessary, the court reasoned that the carrier was entitled to reimbursement without proving that the amounts paid to the worker or on his behalf were reasonable and necessary. Id.
We find Serrano distinguishable. In the present case, Appellant brought suit against the third-party directly and stipulated that it would not offer any evidence as to the reasonableness and necessity of its medical expenses. There was no recovery by Jaquez and he never established his rights to recovery of personal injury damages. To recover medical expenses, a claimant must prove the charges incurred were "reasonable and necessary." National Union Fire Ins. Co. v. Wyar, 821 S.W.2d 291, 297 (Tex.App.-Houston [1st Dist.] 1991, no writ). An affidavit may serve as sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable and necessary. Id. Testimony of an injured party concerning medical expenses incurred or paid is admissible. Home Indem. Co. v. Eason, 635 S.W.2d 593, 595 (Tex.App.-Houston [14th Dist.] 1982, no writ). However, such testimony, alone, does not establish the expense is reasonable and necessary. Id. Without such a showing, there can be no recovery. Id. (citing Gerland's Food Fair, Inc. v. Hare, 611 S.W.2d 113, 117 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.)).
Had Jaquez brought suit, he would have been required to prove that his medical expenses were reasonable and necessary. Proof of amounts charged or paid is not proof of reasonableness, and recovery of such expenses will be denied in the absence of evidence showing the charges were reasonable and necessary. Six Flags Over Tex., Inc. v. Parker, 759 S.W.2d 758, 760 (Tex.App.-Fort Worth 1988, no writ). Because the statute provides that "the net amount recovered by a *22 claimant in a third-party action shall be used to reimburse the insurance carrier for benefits," we find that the statute applies when the employee/claimant recovers damages from the third-party tortfeasor and the carrier later seeks subrogation, either through intervention or by filing a separate suit for subrogation. Here, Appellant essentially skipped this first step of establishing a recovery of damages. In examining all of the evidence in a light most favorable to Appellant and disregarding all contrary evidence and inferences arising therefrom, we find that the trial court correctly granted Appellees' motion for directed verdict with regard to medical expenses. Issue No. One is overruled.

2. Attorney's Fees
In Issue No. Two, Appellant argues that the trial court erred in granting directed verdict by ruling that Appellant is not statutorily entitled to attorney's fees and court costs. In Issue No. Three, Appellant argues that the trial court erred in granting directed verdict by ruling that Appellant must submit an issue to the jury for its recovery of attorney's fees and court costs. Appellees maintain that Appellant failed to secure the prerequisite finding that it was "entitled to recover" damages.
Appellant sought attorney's fees and court costs under Section 402.006(c) of the Texas Government Code. The section provides:
In a case in which the state is entitled to recover a penalty or damages the attorney general is entitled, on behalf of the state, to reasonable attorney's fees and court costs.
TEX. GOV'T CODE ANN. § 402.006(c) (Vernon 1997). Appellant argues that the plain meaning of the statute allows the attorney general to recover attorney's fees and court costs in any case in which it seeks damages.[2] We disagree. The clear language of the statute is that the State must be entitled to recover a penalty or damages before it can be awarded reasonable attorney's fees and court costs. Id. (emphasis added); see also Trice v. State, 712 S.W.2d 842, 851 (Tex.App.-Waco 1986, writ ref'd n.r.e.) ("the State established that it was `entitled to recover' damages by obtaining a jury finding to that effect. This finding established its right to recover reasonable attorney's fees under Article 3917" [the predecessor to Section 402.006(c)]); State v. Triax Oil & Gas, Inc., 966 S.W.2d 123, 127 (Tex.App.-Austin 1998, no pet.) (since the State was entitled to civil penalties, it was entitled to recover attorney's fees under Section 402.006(c)); Merchants Fast Motor Lines, Inc. v. State, 917 S.W.2d 518, 524 (Tex.App.-Waco 1996, writ denied) ("the State recovered tort damages from [defendant] and, by statute, is entitled to the attorney's fees the jury awarded.").
Because the trial court directed verdict in favor of Appellees, Appellant was not entitled to recover attorney's fees and court costs under Section 402.006(c). Moreover, Appellant presented no evidence on attorney's fees. In fact, when the trial court asked if Appellant was "prepared to present attorney's fees," counsel for Appellant answered, "No. We have no intention of even suggesting the issue to the jury. No." In examining all of the evidence in the light most favorable to Appellant and disregarding all contrary evidence and inferences arising therefrom, we find that the trial court correctly granted Appellees' motion for directed verdict with regard to attorney's fees and court costs. Accordingly, Issues No. Two and Three are overruled.

*23 3. Indemnity
In Issue No. Four, Appellant argues that the trial court erred in granting directed verdict by ruling that Appellant could not recover its indemnity lien in a workers' compensation subrogation case. Appellees argue that indemnity is not a recoverable item of damages under Texas Law in a motor vehicle damages case. As with the medical expenses, Appellees also argue that Appellant's claim for indemnity was derivative of Jaquez' and was thus required to prove the same elements Jaquez would have been required to prove.
The only evidence introduced consisted of a summary of the benefits paid to Jaquez. In examining all of the evidence in the light most favorable to Appellant and disregarding all contrary evidence and inferences arising therefrom, we find that the trial court correctly granted Appellees' motion for directed verdict with regard to indemnity. Accordingly, Issue No. Four is overruled.

4. Statute of Limitations
In Issue No. Five, Appellant argues that the trial court erred in granting directed verdict by ruling that Appellant is barred by the two year statute of limitation against Appellee Diaz. Appellees argue that Appellant failed to file suit against Diaz within two years after Jaquez' injury. We agree.
The two-year statute of limitations applies to subrogation actions under the Texas Workers' Compensation Act. Guillot v. Hix, 838 S.W.2d 230, 233 (Tex. 1992); see also Tex. Civ. Prac. & Rem.Code Ann. § 16.003 (Vernon Supp.2002); Tex. Lab.Code Ann. § 417.001 (Vernon Supp. 2002). A subrogation claim, as well as the employee's third-party claim, accrue at the time of the employee's injury. Guillot, 838 S.W.2d at 234-35. Thus, unless an exemption applies, the deadline for filing suit in this case was July 29, 2000. Appellee Diaz was not added as a party until January 24, 2001, more than two years after Jaquez suffered his injuries.
Appellant asserts it is exempt from the two-year limitations period pursuant to the general limitations exemption granted to various governmental entities under Section 16.061 of the Civil Practices and Remedies Code. Section 16.061(a) provides:
A right of action of this state or a political subdivision of the state, including a county ... is not barred by any of the following sections [of the Texas Civil Practice and Remedies Code]: 16.001-16.004....
Tex. Civ. Prac. & Rem.Code Ann. § 16.061 (Vernon Supp.2002). By Section 16.061, and its predecessors, the legislature has exempted counties and other entities, unlike ordinary litigants, from the limitations defense in appropriate cases. See Monsanto Co. v. Cornerstones Mun. Util. Dist., 865 S.W.2d 937, 938-40 (Tex.1993) (discussing the statutory amendment history of Section 16.061).
In Harris County v. Carr, the court of appeals held that, because the subrogation claim brought by Harris County against Carr was a claim that belonged to the injured employee, it was not a cause of action belonging to a political subdivision that is covered by the limitations exemption of Section 16.061 of the Civil Practices and Remedies Code. Harris County v. Carr, 11 S.W.3d 342, 344 (Tex. App.-Houston [1st Dist.] 1999, pet. dism'd). Accordingly, because Appellant filed suit against Diaz more than two years after the subject car accident, the claim was barred by the two-year statute of limitations. Issue No. Five is overruled.
*24 Having overruled each of Appellant's issues on review, we affirm the judgment of the trial court.
NOTES
[1] When this issue was discussed in the trial court, Appellant's attorney stated the following:

[I] have a Texas Supreme Court case on that, but if you're not wanting to believe the Texas Supreme Court case, then maybe you'll believe the El Paso case that the Supreme Court said, when the carrier comes in, the carrier doesn't have to prove that it was reasonable and necessary. And your El Paso case made it even clearer saying when the carrier brings a case, it says, noting, that the carrier need only establish the amount of benefits paid out. So maybe you'll believe El Paso.
...
Where do you think that [the reasonableness and necessity of medical expenses] comes from if I've just handed you the Texas Supreme Court case that specifically says the single question before us is whether the carrier must prove the amount of benefits was reasonable and necessary and they said no? So we're going to the Supremewe're going back on that question.
...
Can I suggest, in order to allow us to get it done by the end of the day, let us go ahead and submit it as if the carrier was correct, and then after everything is there, when we submit the charge, he'll move for directed verdict and you can rule in his favor. But don't make us come back twice to go over this case. I rather it all come in, then after the evidence is in the record, then you can move on a directed verdict in his favor that's right, saying you win it all. But at least getlet us get it in so we don't have to come back twice. Because this is going to the supremes.
What Appellant fails to distinguish is that the cases relied upon are all cases in which the injured party brought suit against the third party tortfeasor and proved his/her damages. The carrier then intervened and recovered the benefits it had paid. The issue before us is an issue of first impression.
[2] We note that Appellant cites no authority to support its interpretation of this statute.