Opinion issued March 18, 2004

 









  
 




In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-01105-CV
____________
 
MARVIN FRANK MOTOR COMPANY, Appellant
 
V.
 
HARRIS COUNTY, Appellee
 

 
 
On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2001-32303
 

 
 
MEMORANDUM OPINION
          A jury awarded Harris County, appellee, $19,001.22 for damages incurred by
its employee, Mark Amato, after the van he was driving was struck by a wrecker truck
owned by Marvin Frank Motor Company, appellant. 
          In six points of error, Marvin Frank Motor Company (MFM) argues that the
trial court erred (1) in admitting untimely-filed exhibits, (2) in admitting testimony
concerning the reasonableness of Amato’s medical expenditures and the necessity of
the treatment, (3) in admitting Harris County’s workers’ compensation payments to
and on behalf of Amato, (4) in submitting, over objection, the damages jury question
because it was an incorrect statement of the law, and (5) in entering judgment because
there was legally and factually insufficient evidence to support the damages awarded. 
 We affirm.
Factual and Procedural Background
          Mark Amato, a county employee, was driving a Harris County van when the
van was rear-ended by a wrecker truck owned by MFM and operated by an MFM
employee. Harris County sued MFM, asserting its rights under section 417.001


 of
the Texas Labor Code to sue MFM as subrogee of its injured employee to recover the
damages incurred by Amato.


 Harris County asserted that Amato was injured in the
course and scope of his employment with Harris County and that, as a self-insured
workers’ compensation carrier, Harris County had paid benefits to Amato consisting
of medical expenses and income payments totaling $19,001.22. 
          A jury found MGM negligent and found that $10,962 would compensate Harris
County for reasonable and necessary medical care that Harris County paid to Amato
and $8,039.22 would compensate Harris County for loss of wages it paid Amato. 
Improperly Admitted Evidence
          In points of error one, two, and three, MFM argues that the trial court erred in
admitting into evidence (1) untimely-filed affidavits and records from Dr. Leo Grim
and Y. Etta McCutcheon, (2) testimony concerning the reasonableness and necessity
of medical expenditures, and (3) the county’s workers’ compensation payments.
Standard of Review 
          Whether to admit or exclude evidence is a matter committed to the trial court’s
sound discretion. City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995). 
To reverse a judgment based on a claimed error in admitting or excluding evidence,
a party must show that the error probably resulted in an improper judgment. Tex. R.
App. P. 61.1; Alvarado, 897 S.W.2d at 753. In determining if the excluded evidence
probably resulted in the rendition of an improper judgment, we review the entire
record. Interstate Northborough P’ship v. State, 66 S.W.3d 213, 220 (Tex. 2001). 
 Typically, a successful challenge to a trial court’s evidentiary rulings requires the
complaining party to demonstrate that the judgment turns on the particular evidence
excluded or admitted. Texas Dep’t of Transp. v. Able, 35 S.W.3d 608, 617 (Tex.
2000); Alvarado, 897 S.W.2d at 753-54.
Grim’s and McCutcheon’s Exhibits
          In point of error one, MFM argues that the trial court erred in admitting into
evidence Grim’s and McCutcheon’s affidavits because they were not timely filed and
did not comply with the requirements of section 18.001 (affidavit concerning cost and
necessity of services) of the Civil Practice and Remedies Code.



          Not Timely Filed
          Harris County’s exhibit 1 included an affidavit and medical records from Dr.
Leo C. Grim, Amato’s designated doctor


 for Amato’s workers’ compensation claim. 
Dr. Grim’s affidavit stated that the records were business records, but it does not
comment on the reasonableness of the charges or the necessity of the treatment. 
When Harris County first attempted to admit the exhibit, MFM objected “on the
grounds that it’s insufficient.” The trial court sustained the objection. Dr. Grim then
testified that he was the custodian for the records, which were kept in the regular
course of business. He testified that the records were true and correct copies of
records that were kept by an employee with knowledge of the actual event and the
records were made at or reasonably near the time that they were created. Harris
County again attempted to admit Dr. Grim’s exhibit, and MFM objected “as to
improper predicate.” The trial court overruled the objection and admitted the exhibit. 
MFM lodged an additional objection “on the grounds of 18.001(b) of the Texas
Remedies Code, [that] the affidavit is insufficient, and that the predicate was
improper as far as reasonable and necessary.” The trial court overruled the objection.
          Harris County’s exhibit 2 included an affidavit from Y. Etta McCutcheon, the
claims administrator for Harris County’s Office of Human Resources and Risk
Management. As custodian of records, McCutcheon stated in her affidavit that Harris
County paid Amato $19.001.22 in workers’ compensation benefits, which included
medical services that were “determined to be consistent with the medical policies and
fee guidelines adopted by the Texas Labor Commission.” When Harris County 
attempted to admit exhibit 2, MFM objected that “it’s irrelevant, it’s collateral source. 
 And I also object to any additional testimony from this witness on both of those
grounds as well.”
           On appeal, MFM complains that Grim’s and McCutcheon’s affidavits were
untimely filed because they were filed only 17 days before trial, not 30 days as is
required. See Tex. Civ. Prac. & Rem. Code Ann. § 18.001(d) (Vernon 1997). To
preserve an issue for appellate review, it must be raised with the trial court. Tex. R.
App. P. 33.1.; Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc., 106 S.W.3d 118,
127-8 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). MFM did not object to the
timeliness of the affidavits at trial; therefore, it has not preserved this challenge for
appeal. 
          Section 18.001
          MFM also contends that, pursuant to section 18.001(b), the affidavits were
insufficient because they were “improper as to any testimony concerning the
reasonableness and necessity of the charges.”
          A plaintiff may prove medical expenses are reasonable and necessary either by
presenting expert testimony, or by submitting affidavits in compliance with section
18.001 of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem.
Code Ann. § 18.001 (Vernon 1997); Jackson v. Gutierrez, 77 S.W.3d 898, 902 (Tex.
App.—Houston [14th Dist.] 2002, no pet.). In its appellate brief, Harris County
conceded that it did “not contend that those affidavits satisfy the requirement of
section 18.001.” 
          Although section 18.001 allows a party to prove the reasonableness and
necessity of medical expenses through an affidavit of a custodian of medical records,
Harris County’s affidavits do not state that the medical expenses were reasonable and
necessary. Because Dr. Grim testified that Amato’s medical expenses were
reasonable and necessary, Harris County did not need to prove the medical expenses
through the affidavits. See Wal-Mart Stores, Inc. v. Tinsley, 998 S.W.2d 664, 673
(Tex. App.—Texarkana 1999, pet. denied). Furthermore, and more importantly,
Harris County was not required to prove the “reasonableness and necessity of the
charges” in this case, given the fact that it was a subrogation case. Harris County
simply had to prove the amount of benefits it had paid Amato. See Tx. Workers’
Comp. Ins. Fund v. Serrano, 962 S.W.2d 536, 537 (Tex. 1998) (per curiam).
          We overrule point of error one.
 Medical Expenditures
          In point of error two, MFM contends that the trial court erred in admitting into
evidence Y. Etta McCutcheon’s testimony concerning the reasonableness of Amato’s
medical expenditures and the necessity of Amato’s medical treatment.
          MFM refers us to two places in the trial testimony where it alleges that
McCutcheon improperly testified to the reasonableness and necessity of the treatment. 
First, during trial, Harris County asked McCutcheon if Harris County was “required
by law to pay the reasonable and necessary medical care for Mr. Amato.” MFM
objected, stating, “Objection, Your Honor. At this point I think I need to take the
witness on voir dire regarding these expert-type questions.” The trial court denied
the objection, and MFM stated, “I would object to the further testimony on those
grounds as well, Your Honor.” The trial court overruled the second objection, as
well.  
          On appeal, MFM argues that, because McCutcheon testified that she could not
give medical opinions, she was unqualified to give live testimony concerning the
reasonableness and necessity of Amato’s medical expenditures.
          Rule 33.1 requires that an objection be sufficiently specific to make the trial
court aware of the complaint, unless the specific grounds were apparent from the
context. Tex. R. App. P. 33.1. Here, it is unclear whether the “expertise” MFM
complained of was that of a medical expert testifying regarding what treatment was
reasonable and necessary or that of a legal expert testifying what Harris County is
required by law to pay. MFM has not preserved this challenge for review. See id.
          The second referenced exchange occurred when, without objection, Harris
County asked McCutcheon, “And is (sic) all the payments that were made related to
Mr. Mark Amato from the — in the checks that you have in Plaintiff’s Exhibit No.
2, are they related to the accident of July 7th, 1999?” McCutcheon responded, “Yes. 
They’ve been determined to be reasonable and necessary (sic) related.” Because it
failed to object, MFM has preserved nothing for review. See Tex. R. App. P. 33.1.
          We overrule point of error two.
 
Workers’ Compensation Payments
          In point of error three, MFM argues that the trial court erred in admitting into
evidence Harris County’s workers’ compensation payments to and on behalf of
Amato.
          Both before and during trial, MFM objected to the admission of such evidence
based on the collateral source rule. The collateral source rule is defined as “the
doctrine that, if an injured party receives compensation for its injuries from a source
independent of the tortfeasor, the payment should not be deducted from the damages
that the tortfeasor must pay. Black’s Law Dictionary (7th ed. 1999). The theory
behind the collateral source rule is that a wrongdoer should not have the benefit of
insurance independently procured by the injured party, and to which the wrongdoer
was not privy. Brown v. Am. Transfer & Storage Co., 601 S.W.2d 931, 934 (Tex.
1980); Finger v. S. Refrigeration Servs., Inc., 881 S.W.2d 890, 893-94 (Tex.
App.—Houston [1st Dist.] 1994, writ denied). 
          Here, for liability purposes, Harris County stepped into Amato’s shoes and had
to prove that MFM’s negligence proximately caused Amato’s injuries. Harris County
had the burden of proving its damages, and its damages, pursuant to section 417.001,
were limited to the benefits it paid or assumed. See Tex. Lab. Code Ann. §
417.001(b). In the present case, it is evident that, by the admission of such evidence,
MFM could not reap a benefit to which it was not entitled. Thus, the collateral source
rule does not apply to this case. Additionally, the workers’ compensation benefits
paid to Amato were not “collateral” to the damages Harris County had the burden of
proving. 
          We hold that the trial court did not abuse its discretion in overruling MFM’s
objection to the admission of the workers’ compensation benefits paid by Harris
County.
          We overrule point of error three. 
Improper Jury Question
          In point of error four, MFM argues that the trial court erred in submitting the
jury question relating to damages because the question, as submitted, was an incorrect
statement of the law.
          The standard of review for charge error is whether the trial court abused its
discretion. Tex. Dep’t of Human Servs. v. E.B., 802 S.W.2d 647, 649 (Tex. 1990). 
Our review requires that we consider the pleadings of the parties, the evidence
presented at trial, and the charge in its entirety. Island Recreational Dev. Corp. v.
Republic of Tex. Sav. Ass’n, 710 S.W.2d 551, 555 (Tex. 1986). We may not reverse
unless the error, when viewed in light of the totality of the circumstances, amounted
to such a denial of the rights of the complaining party as was reasonably calculated
and probably did cause rendition of an improper judgment. Id. However, whether
the charge has submitted the controlling issues in the case, in terms of theories of
recovery or defense, is a question of law that we review de novo. Cont’l Cas. Co. v.
Street, 379 S.W.2d 648, 651 (Tex. 1964).
          Here, MFM complains that jury question 2 improperly referenced the
compensation paid to Amato by Harris County, a collateral source. The question
stated:
What sum of money, if paid now in cash, would fairly and reasonably
compensate Harris County for Mark Amato’s injuries, if any, that
resulted from the occurrence in question and were compensated by
Harris County under its workers compensation plan?
 
Consider the elements of damages listed below and none other. 
Consider each element separately. Do not include damages for one
element in any other element. Do not include interest on any amount of
damages you find. Do not reduce the amounts, if any, in your answer
because of the negligence, if any, of Mark Amato. Do not reduce
amounts, if any, for any pre-existing injury that is aggravated by the
negligence of Marvin Frank Motor Company.

          Answer in dollars and cents for damages, if any, for the following:
 
                    a.       Reasonable and necessary medical care for Mark Amato that was
paid by Harris County.
                              ___($10,962.00)_______ 
                    b.       Loss of wages for Mark Amato that were paid by Harris County.
                              ___($8,039.22)________

(Emphasis added.) Again, MFM objected to the jury charge based on the collateral
source rule. As previously stated, Harris County’s subrogation interest was limited
to the amount of the total benefits it paid or assumed. See Tex. Lab. Code Ann. §
417.001(b). We have already held that the collateral source rule does not apply to
this case. Accordingly, we hold that the trial court did not abuse its discretion by
submitting jury question 2.
          We overrule point of error four.
Sufficiency
          In points of error five and six, Marvin Frank argues that the evidence was
legally insufficient to support the jury’s finding that Harris County paid $10,962 for
Amato’s medical care and factually insufficient to support the jury’s finding that
Harris County paid Amato $8,039.22 in lost wages.
Medical Care
          In reviewing a legal-sufficiency challenge, we must view the evidence in a light
that tends to support the finding of the disputed fact and disregard all evidence and
inferences to the contrary. Weirich v. Weirich, 833 S.W.2d 942, 945 (Tex. 1992). If
more than a scintilla of evidence exists, the evidence is legally sufficient. 
Browning-Ferris, Inc. v. Reyna, 865 S.W.2d 925, 928 (Tex. 1993). To rise above a
scintilla, the evidence offered to prove a vital fact must do more than create a mere
surmise or suspicion of its existence. Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63
(Tex. 1983). In determining legal sufficiency, we consider whether the evidence rises
to a level that would enable reasonable and fair-minded people to differ in their
conclusions. Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 25 (Tex. 1994).
          Dr. Grim testified that he was familiar with the usual and customary charges
in Harris County and that Amato’s treatment that he “saw was reasonable.” He
further testified that the treatment was necessary “from a treating doctor’s standpoint,
as well as a designated doctor.” Dr. Grim testified that he had “no dispute” with the
treatments or the payments associated with those treatments. McCutcheon testified
that Harris County paid $10,962 in medical payments for Amato, and she testified
that benefits were “determined to be consistent with the medical policies and fee
guidelines adopted by the Texas Labor Commission.” Medical services are presumed
reasonable if consistent with the medical policies and fee guidelines adopted by the
commission. Tex. Lab. Code Ann. § 413.017 (Vernon 1996); Serrano, 962 S.W.2d
at 538.
          We hold that the evidence was legally sufficient to support the jury’s award of
medical damages. We overrule point of error five.
Lost Wages 
          MFM argues that the proper measure of damages in a personal injury case is
“loss of earning capacity,” not “loss of wages” and the record does not reflect any
admissible evidence of Amato’s earnings from his employment with Harris County.
          The Texas Supreme Court has held that there is only one test for determining
if a party has preserved error in the jury charge, and that is whether the party made
the trial court aware of the complaint, timely and plainly, and obtained a ruling. State
Dep’t of Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 241 (Tex. 1992). 
MFM objected to jury question 2 on the basis of the collateral source rule. MFM
never objected to the terms “loss of wages” versus “loss of earning capacity” as it
does on appeal. In fact, MFM submitted a proposed jury question with the alleged
“collateral source” reference omitted, but it kept the term “loss of wages.” MFM has
not preserved this complaint for review. 
          MFM next complains that the record does not reflect any admissible evidence
of Amato’s earnings from his employment with Harris County; therefore, any award
of damages for lost wages is not supported by the record. We disagree.
           In reviewing the factual sufficiency of an issue on which the challenging party
did not have the burden of proof, we consider and weigh all of the evidence; we will
set aside the verdict only if the finding is so against the great weight and
preponderance of the evidence that it is clearly wrong and unjust. Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986) (per curiam). We will not substitute our opinion for
that of the trier of fact. Id.
          MFM, referring us to two personal injury, non-subrogation cases, contends that
Harris County was required to introduce evidence from which a jury may reasonably
measure in monetary terms the plaintiff’s earning capacity prior to injury. See Bonney
v. San Antonio Transit Co., 325 S.W.2d 117, 121 (Tex. 1959). While this is an
accurate recitation of the burden in some non-section 417.001 cases, it is not
applicable here.
          Section 417.001(b) provides that Harris County’s subrogation interest is
limited to the amount of the total benefits paid that it assumed. Tex. Lab. Code Ann.
§ 417.001. McCutcheon testified that Harris County paid Amato “indemnity
payments for lost time and injuries or permanency. We paid a total of $8,039.22.” 
Further, McCutcheon submitted business records showing the benefits Harris County
paid Amato. 
          In Serrano, the Texas Supreme Court illustrated that the courts of appeals have
consistently held that a carrier is entitled to reimbursement from third-party recovery
for amounts paid. 962 S.W.2d at 538; see, e.g., Foster v. Truck Ins. Exch., 933
S.W.2d 207, 211 (Tex. App.—Dallas 1996, writ denied) (stating that third-party
recovery must be used to reimburse the carrier “for benefits [the carrier] has paid”);
Lege v. Jones, 919 S.W.2d 870, 874 (Tex. App.—Houston [14th Dist.] 1996, no writ)
(stating that the carrier had “the burden of proving the benefits it paid”); Liberty Mut.
Fire Ins. Co. v. Schrull, 905 S.W.2d 12, 13 (Tex. App.—Houston [14th Dist.] 1995,
writ denied) (stating that subrogation recovery includes “amount[s] paid”); Duke v.
Wilson, 900 S.W.2d 881, 886 (Tex. App.—El Paso 1995, writ denied) (noting that the
carrier need only establish “the amount of benefits paid out”). 
          We hold that the evidence of workers’ compensation benefits for loss of wages
expenses was not so weak or the finding so against the great weight and
preponderance of the evidence that it is clearly wrong and unjust. See Cain, 709
S.W.2d at 176. 
          We overrule point of error six.
Conclusion
          We affirm the judgment.

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Alcala, and Hanks.