**Heliodoro TORREZ, Appellant,**

v.

**Devin M. SANDERS and Samuel Sanders, Appellees.**

No. 04–04–00390–CV.

Court of Appeals of Texas, San Antonio.

March 2, 2005.

Kevin B. Miller, Mark A. Cevallos, Law Office of Miller & Associates, San Antonio, for appellant.

Ian M. McLin, Shaddox, Compere, Walraven & Goode, P.C., San Antonio, for appellees.

Sitting: ALMA L. LÓPEZ, Chief Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Chief Justice.

■ The trial court granted a directed verdict in favor of Devin M. Sanders and Samuel Sanders in a negligence action arising from an automobile accident. After evidence of workers' compensation benefits paid to Helidoro L. Torrez was

excluded by the trial court,[1] Torrez's attorney represented to the court that the benefits were the only evidence he intended to introduce with regard to damages. Based on that representation, the trial court granted a directed verdict. Torrez appeals contending the trial court erred in excluding the evidence; therefore, the directed verdict was improper. We affirm the trial court's judgment.

■ Whether to admit or exclude evidence is a matter committed to the trial court's sound discretion. *State v. Bristol Hotel Asset Co.*, 65 S.W.3d 638, 647 (Tex. 2001) The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules and principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex.2004). The trial court's ruling should be reversed only if it was arbitrary or unreasonable. *Id.* at 839.

■ The Texas Supreme Court addressed the admissibility of evidence relating to compensation benefits paid by an employer to an employee who was injured by a third party in *Myers v. Thomas*, 143 Tex. 502, 186 S.W.2d 811 (1945). In hold-

---

1. The Sanders contend that the trial court's ruling was a ruling on a motion in limine; therefore, Torrez's complaint is not preserved for our review. Although the ruling was made in response to a motion in limine, the trial court appeared to treat its ruling as evidentiary. In response to the ruling, Torrez's attorney stated, "I have made an offer, an evidentiary offer, outside the presence of the jury pursuant to the 100 series of the Texas Rules of Evidence, and that is that I intend to offer medical and wage evidence from the workers' compensation lien.... You have made, your Honor, a ruling on the admissibility of that pursuant to the Rules of Evidence, saying that will be stricken. That being the case, I have no additional evidence on wages and on medical benefits or any

other element of damage, and I see no reason to waste the Court's time in picking a jury and trying the case and have by the defendant, based on those damage issues, make a motion for directed verdict." Before making an offer of proof, Torrez's attorney reiterated, "In yesterday's ruling on the motion in limine as well as the 103 offer of proof, your ruling was that all evidence relative to the worker's compensation lien was inadmissible based on the objection that it's irrelevant in this case, which you sustained and excluded the evidence. And so we're placing our offer of proof on the record for the Court of Appeals." In response, the trial court stated, "I'm ready." Accordingly, we conclude that the issue of the exclusion of the benefits has been preserved for our review.

ing that the trial court erred in admitting evidence of the benefits paid to the employee, the supreme court reasoned, "the only effect of such evidence 'was to becloud the issues in the case and divert the minds of the jury.'" *Id.* at 813 (quoting *Johnson v. Willoughby,* 183 S.W.2d 201 (Tex.Civ. App.-Fort Worth 1944, writ ref'd)). The court emphasized that the prejudicial effect of the evidence was heightened by the fact that "the general relevancy of evidence of that character upon the general issues involved is not only very slight but wholly indirect. Certainly, it has no direct relevancy to the issues upon which the jury decides whether the third party defendants are negligent, or upon the amount of damages, if any, to be assessed against them." *Id.*

■ Torrez contends that after the 1989 amendments to the Texas Workers' Compensation Act, evidence of benefits should be admitted because the enforcement and adjudicatory powers of the Texas Workers' Compensation Commission ("TWCC") were "beefed up" and the guidelines for the payment of medical benefits are presumed reasonable when the workers' compensation carrier asserts its lien in a third party case. Torrez cites *Texas Workers' Comp. Ins. Fund v. Serrano,* 962 S.W.2d 536 (Tex.1998), to support the assertion that the guidelines are presumed reasonable. *Serrano,* however, did not consider the issues presented in this case. In *Serrano,* the question presented was whether the carrier must prove that the amount of benefits paid was reasonable and necessary before it was entitled to reimbursement as an intervenor in a third party action. 962 S.W.2d at 537. As the court expressly noted, the statute permitting the carrier to be reimbursed out of any third-party recovery "does not limit reimbursement to only those benefits that were reasonable and necessary." *Id.* at 538. In

order for a plaintiff to recover from a defendant, however, proof that medical benefits were reasonable and necessary is required in order to recover damages for those benefits. *State Dept. of Transp. v. Esquivel,* 92 S.W.3d 17, 21 (Tex.App.-El Paso 2002, no pet.) *Rodriguez–Narrera v. Ridinger,* 19 S.W.3d 531, 532 (Tex.App.-Fort Worth 2000, no pet.).

■ With regard to the relevancy of the benefits to the issues in the case, although temporary income benefits compensate for lost wages while an injured employee is convalescing, they are based on a percentage of the difference between the claimant's average weekly wage and the post-injury weekly earnings and are subject to a statutory maximum and minimum. *Texas Workers' Comp. Comm'n v. Garcia,* 893 S.W.2d 504, 513 (Tex.1995). Furthermore, the Texas Supreme Court has stated, "It is beyond question that impairment does not directly translate into disability to work." *Id.* at 522. Even if we were to conclude that evidence of the impairment benefits had some probative value with regard to damages for lost wages and loss of earning capacity, we would not conclude that the trial court abused its discretion in excluding the evidence. *See Owens–Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 43 (Tex.1998) (noting appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling). The trial court could have determined that explaining the differences between the damage concepts of lost wages and lost earning capacity and the manner in which workers' compensation benefits are calculated would "becloud the issues in the case and divert the minds of the jury." *Myers,* 186 S.W.2d at 813.

Finally, we agree with the El Paso court that a showing of the amount of medical expenses paid does not alone establish that the expenses were reasonable and neces-

sary. *State Dept. of Transp. v. Esquivel,* 92 S.W.3d at 20–21. "Proof of amounts charged or paid is not proof of reasonableness, and recovery of such expenses will be denied in the absence of evidence showing the charges were reasonable and necessary." *Rodriguez–Narrera v. Ridinger,* 19 S.W.3d at 532.

The reason Torrez's attorney chose to exclusively rely on evidence of Torrez's workers' compensation benefits to establish damages is unclear from our record; however, the trial court's decision to exclude the benefits was not arbitrary or unreasonable.[2] Because the trial court did not err in excluding the evidence of the workers' compensation benefits paid to Torrez, which her attorney represented was the only evidence to be offered with regard to damages, the trial court did not err in granting the directed verdict.

The trial court's judgment is affirmed.

---

2. The issues decided in *Marvin Frank Motor Co. v. Harris County,* No. 01–02–01105–CV, 2004 WL 549487 (Tex.App.-Houston [1st Dist.] Mar. 18, 2004, pet. denied), cited by Torrez, are distinguishable from the issues presented in the instant case. In *Marvin Frank Motor Co.,* the designated doctor testi-
fied regarding the reasonableness and necessity of the medical fees. 2004 WL 549487, at *5. Furthermore, the Houston court only addressed the admissibility of impairment benefits in response to an objection based on the collateral source rule. *Id.* at *4.