In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00008-CR
______________________________


JOHNNY LEE RHEA, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 253rd Judicial District Court
Liberty County, Texas
Trial Court No. CR24807


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â The grand jury returned two indictments against Johnny Lee Rhea. In cause number 24,806,
Rhea was charged with aggravated sexual assault of a child and indecency with a child. The same
charges were brought against Rhea in trial court cause number 24,807 in connection with another
date. The trial court consolidated the causes for trial. Rhea pled guilty to the charges, and the jury
assessed punishment at thirty-five years' imprisonment for aggravated sexual assault of a child and
twenty years' imprisonment for indecency with a child. The trial court ordered the sentences to run
concurrently. Rhea has appealed the four convictions in two separate appeals. In this appeal, Rhea
appeals two of his four convictions, one for aggravated sexual assault of a child and the other for
indecency with a child.
Â Â Â Â Â Â Â Â Â Â Â Â Since the briefs and arguments raised therein are identical in both appeals, for the reasons
stated in Rhea v. State, No. 06-05-00007-CR, we likewise resolve the issues in this appeal in favor
of the State. We affirm the trial court's judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â October 13, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â November 14, 2005

Do Not Publish



All right. Then I'll allow it in. I'll allow
that evidence in. I'll overrule the objection to that evidence and allow it in for the purpose of
knowledge and as specific under that statute." We reject the State's claim that the ruling was limited
to the motion in limine.

 Thus, the situation before this Court is a nonparticularized objection on which the trial court
issued a ruling. Rule 103(a)(1) of the Texas Rules of Evidence provides:

 When the court hears objections to offered evidence out of the presence of the jury
and rules that such evidence be admitted, such objections shall be deemed to apply
to such evidence when it is admitted before the jury without the necessity of
repeating those objections.


Tex. R. Evid.103(a)(1). While the literal text of Rule 103(a)(1) appears to clearly apply to this
situation, the application of the literal text in civil cases (2) has been considerably less clear. Compare
Clark v. Trailways, Inc., 774 S.W.2d 644, 647 & n.2 (Tex. 1989) (holding in context of discovery
abuse that objection must be made when evidence offered, but suggesting in footnote a pretrial ruling
might preserve error in other contexts); Torrez v. Sanders, 163 S.W.3d 133, 134 n.1 (Tex.
App.--San Antonio 2005, no pet.) (finding ruling outside presence of jury preserved error); Huckaby
v. A. G. Perry & Son, Inc., 20 S.W.3d 194, 204-05 (Tex. App.--Texarkana 2000, pet. denied)
(concluding pretrial Daubert (3) ruling preserved error); In re Ch. E., No. 05-97-00055-CV, 1999 Tex.
App. LEXIS 5197 (Tex. App.--Dallas JulyÂ 15, 1999, no pet.) (not designated for publication); 7
William V. Dorsaneo, III and FredÂ D. Nation, Jr., Texas Litigation Guide §Â 114.05 (LEXIS
current through 2009); 3Â RoyÂ W. McDonald & Elaine A. Grafton Carlson, Texas Civil
Practice Â§ 19:7 (2d ed. 2000 & Supp. 2008). One of the difficulties with this procedure is the
broad and general nature of the motion or objection to ("any alleged actions") whereas the ruling of
the court appears to overrule the objection and allow evidence only for the purpose of "knowledge"
and if the evidence is "under that statute." It is not necessary for us to decide whether the issue was
preserved in this case. As discussed below, even if error is preserved, the trial court did not abuse
its discretion in admitting the evidence. For the purposes of this opinion, we will assume--without
deciding--that error was preserved for our review. 

II. The Trial Court Did Not Err In Admitting the Evidence

 Aguilar argues, in her sole issue on appeal, the trial court erred in admitting evidence
concerning her relationship with M.R., her oldest daughter. Because the State was not seeking to
terminate the parent-child relationship between M.R. and Aguilar, Aguilar claims the evidence was
inadmissible under Rule 404(b) of the Texas Rules of Evidence. See Tex. R. Evid. 404(b). Rule
404(b) prohibits the admission of evidence of other crimes, wrongs, or acts used "to prove the
character of a person in order to show action in conformity therewith." Id. The State argues that the
evidence was admissible to determine whether termination was in the best interests of the children.

 We review the trial court's rulings in admitting or excluding evidence under an abuse of
discretion standard. In re J.T.G., 121 S.W.3d 117, 133 (Tex. App.--Fort Worth 2003, no pet.). The
test for abuse of discretion is not whether, in the opinion of the reviewing court the facts present an
appropriate case for the trial court's action; rather, it is a question of whether the court acted without
reference to any guiding rules or principles, and the mere fact that a trial court may decide a matter
within its discretionary authority different than an appellate judge does not demonstrate such an
abuse. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238 (Tex. 1985).

 Aguilar argues she was entitled to be tried on the allegations the State made in its pleading,
rather than for being an unfit mother in general. The State has the burden of proving, by clear and
convincing evidence, (4) both the statutory ground(s) for termination, see Tex. Fam. Code Ann.
Â§Â 161.001(1) (Vernon 2008), and that termination is in the best interests of the children. See Tex.
Fam. Code Ann. Â§ 161.001(2) (Vernon 2008). Regardless of whether the evidence concerning M.R.
would have any probative value concerning grounds for termination as listed in Section 161.001(1),
the evidence would be probative of whether termination is in the children's best interests. 

 Section 263.307 provides a laundry list (5) of factors to consider in determining the best interest
of the child. See Tex. Fam. Code Ann. Â§ 263.307 (Vernon 2008). This list includes whether there
is "a history of abusive or assaultive conduct by the child's family," whether the family is willing to
"effect positive environmental and personal changes within a reasonable period of time," and the
parenting skills of the family. See id. The evidence concerning M.R. was probative evidence
concerning these factors. 

 The Texas Supreme Court has stated that the factors listed in Section 263.307 should be
taken into account when determining if termination of parental rights is in the best interests of 
children. In re R.R., 209 S.W.3d 112, 116 (Tex. 2006). This Court has commented that one of these
factors is Section 263.307(b)(7) allowing evidence of a "history of abusive or assaultive conduct by
the child's family." In re S.K.A., 236 S.W.3d 875, 903 (Tex. App.--Texarkana 2007), pet. denied,
260 S.W.3d 463 (Tex. 2008). When considering the same issue, best interest of a child, the San
Antonio Court of Appeals has held "the Family Code mandates that such evidence be admitted . .Â .
in order to establish what is in the best interest of the child." In re M.R., 975 S.W.2d 51, 55 (Tex.
App.--San Antonio 1998, pet. denied); see In re K.L.R., 162 S.W.3d 291, 305 (Tex. App.--Tyler
2005, no pet.) (agreeing evidence of other wrongs or acts was "admissible for the purpose of
determining what is in the child's best interest"). Even if Aguilar preserved the issue for appellate
review, the trial court did not abuse its discretion in admitting the evidence for the purpose of
determining whether termination was in the best interests of the children. (6) Aguilar's sole issue is
overruled.

 For the reasons stated, we affirm the judgment of the trial court.




 Jack Carter

 Justice


Date Submitted: March 31, 2009

Date Decided: April 1, 2009


1. We note the record contains a signed order granting Aguilar's motion in limine. However,
as discussed below, the trial court ruled on the admissibility of the evidence prior to the testimony
of the first witness.
2. Aguilar cites a number of criminal cases to support her argument that error is preserved. In
the criminal context, preservation of error under these circumstances--while not a model of
clarity--is more clear than in the civil context. Because this is a civil case, we are obligated to
follow the precedent of the Texas Supreme Court rather than the precedent of the Texas Court of
Criminal Appeals.
3. Daubert v. Merrell Dow Pharms., 509 U.S. 579 (1993); see also Merrell Dow Pharms. v.
Havner, 953 S.W.2d 706 (Tex. 1997).
4. Clear and convincing evidence is that degree and quantity of evidence that produces in the
mind of the trier of fact a firm belief or conviction of the truth of the allegations to be established. 
Tex. Fam. Code Ann. Â§ 101.007 (Vernon 2008); In re C.H., 89 S.W.3d 17, 25 (Tex. 2002). 
5. We note that the State justified the admission of the evidence on "a history of abusive or
assaultive conduct by the child's family." While some of the evidence concerning M.R. dealt with
abusive or assaultive conduct, most of the evidence concerning M.R. dealt with Aguilar's parenting
skills and Aguilar's decision to permit M.R.'s former teacher and her husband to be appointed M.R.'s
legal guardians. No further objection was posed to any of the evidence. This illustrates why some
courts have required, even if a ruling has been made outside the jury's presence, a specific,
contemporaneous objection when the evidence is offered, particularly if the evidence expands
beyond the scope for which it was originally offered. However, we must affirm the trial court's
ruling if it is correct under any legal theory supported by the record. A trial court cannot abuse its
discretion if it reaches the right result, even for the wrong reason. InÂ re Guardianship of Erickson,
208 S.W.3d 737, 744 (Tex. App.--Texarkana 2006, no pet.). Therefore, we are not limited to the
single factor advanced by the State. 
6. In her appellate and reply brief, Aguilar relies considerably on a memorandum opinion of
this Court which reversed the defendant's conviction for misdemeanor assault involving family
violence due to the admission of evidence in violation of Tex. R. Evid. 404(b). See Simmons v.
State, No. 06-07-00071-CR, 2007 Tex. App. LEXIS 9732 (Tex. App.--Texarkana Dec. 14, 2007,
no pet.) (mem. op., not designated for publication). Because Simmons did not involve termination
of parental rights and the Texas Family Code provisions, but was a criminal case, it is
distinguishable.