Affirmed in Part and Reversed and Remanded in Part and Memorandum
Opinion filed August 26, 2008








Affirmed in
Part and Reversed and Remanded
in Part and Memorandum Opinion filed August 26, 2008.  

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00513-CV

____________

 

METROPOLITAN TRANSIT AUTHORITY, Appellant

 

V.

 

HARRIS COUNTY, TEXAS, Appellee

 



 

On Appeal from the County
Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 817,977

 



 

M E M O R A N D U M   O P I N I O N








Following a jury trial, the trial court rendered judgment
in favor of appellee Harris County, Texas, in the amount of $24,836.79 in its
action seeking to recover property damages as well as its statutory subrogation
interest based on its payment of workers= compensation
benefits to its employee Spencer Townsell and on its payment of Townsell=s medical care
expenses after a bus owned by appellant Metropolitan Transit Authority (AMetro@) struck the
tractor Townsell was driving.  In three issues, Metro contends that the trial
court erred by (1) denying its motion for a directed verdict on the issue of
medical expenses, temporary impairment, and permanent impairment; (2)
submitting a jury charge that failed to asked the jury to determine whether the
medical expenses were reasonable and necessary and whether the alleged damages
resulted from Metro=s negligence; and (3) allowing evidence of
workers= compensation
payments without any evidence of reasonableness, necessity, or causation with
respect to those payments.

First, we conclude that the trial court did not err in
denying Metro=s motion for directed verdict.  Second, we agree with
Metro that, in a subrogation action, a workers= compensation
carrier must prove the same elements required of a claimant in a direct suit
against the tortfeasor.  As a result of that holding, we conclude that the
trial court erred in its submission of the jury charge because it failed to
submit the controlling issues to the jury in connection with medical benefits
and lost wages.  Accordingly, we affirm the trial court=s uncontested
award of $4,140.67 for property damage, reverse the remainder of the judgment,
and remand for further proceedings consistent with this opinion.

Factual
and Procedural Background








Although this case involves Harris County=s statutory
subrogation interest, at its core, this is a negligence case.  Spencer
Townsell, a Harris County employee, was operating a tractor owned by Harris
County when the tractor was struck by a Metro bus operated by Erick Burton, a
Metro employee.  Harris County sued Metro under section 417.001 of the Texas
Labor Code seeking to recover the workers= compensation
benefits paid to Townsell and to his medical care providers on his behalf
through a subrogation action against Metro, an allegedly negligent third
party.  Harris County also sought to recover based on the property damage that
its tractor sustained.  Harris County asserted that Metro=s negligence
caused the accident in question, in which Townsell was injured in the course
and scope of his employment with Harris County.  Harris County alleged that, as
a self-insured workers= compensation carrier, Harris County paid
workers= compensation
benefits in the form of medical expenses and income payments totaling
$16,423.96.  In addition, Harris County sought to recover based on the damage
to its tractor.[1]

At trial, the parties stipulated that Harris County
incurred property damage in the amount of $4,140.67.[2] 
In support of Harris County=s claims, Townsell testified regarding the
collision with the Metro bus and his resulting injuries.  Yetta McCutcheon,
Harris County=s Claims Administrator, also testified regarding the
workers= compensation
benefits Harris County paid to Townsell and to his medical care providers. 
Finally, Harris County introduced authenticated business records (Athe claims summary@), which itemized
the workers= compensation benefits the County paid, as well as
billing records and affidavits from four of Townsell=s medical care
providers.  The billing records contained itemized statements of the services
performed and the charges for each, while the affidavits established the
reasonableness and necessity of the services and charges.








A jury found that Metro=s negligence
proximately caused the accident and that Townsell was not negligent.  The jury
also found that Harris County paid workers= compensation
benefits to Townsell and to his medical care providers in the following
amounts:  $4,093.71 for medical treatment, $5,304.32 in temporary income
benefits, and $7,025.93 in impairment income benefits.[3] 
Over Metro=s objections, the charge did not ask the jury to
determine the amount of reasonable and necessary medical expenses or other
damages alleged by Harris County that resulted from the occurrence in
question.  In its charge, the trial court apparently accepted Harris County=s argument that,
if it proves that Metro=s negligence caused the accident, then
Harris County may recover all the benefits that it paid, without proving that
any amount of damages resulted from the accident.  The trial court rendered
judgment on the jury=s verdict, awarding Harris County the
stipulated amount of property damage, the undisputed amount of  workers= compensation
benefits paid by Harris County to Townsell and to his medical care providers,[4]
as well as pre-judgment interest on these amounts.  Metro timely filed a motion
for a new trial, which the trial court denied.  This appeal followed.

Issues
on Appeal

In three issues, Metro contends that the trial court erred
by (1) denying its motion for a directed verdict on the issue of medical
expenses, temporary impairment, and permanent impairment; (2) submitting a jury
charge that failed to asked the jury to determine whether the medical expenses
were reasonable and necessary and whether the alleged damages resulted from
Metro=s negligence; and
(3) allowing evidence of workers= compensation
payments without any evidence of reasonableness, necessity, or causation with
respect to those payments.

Analysis
of Metro=s Issues

I.        As
Townsell=s Subrogee Suing a Third-Party
Tortfeasor, Harris County Had the Same Burden and Elements of Proof as Would
Townsell Had He Sued Metro Directly








As a preliminary matter, we must first address the burden
and elements of proof required of a workers= compensation
carrier in a subrogation action against a third-party tortfeasor because the
parties dispute what Harris County had to prove to recover the payments made to
Townsell.  Metro contends that the carrier must prove the exact elements the
injured employee would need to prove were the employee to sue the tortfeasor
directly.  Metro cites State ex rel. Texas Department Of Transportation v.
Esquivel, 92 S.W.3d 17, 20 (Tex. App.CEl Paso 2002, no
pet.) as authority for its position.  In contrast, Harris County contends that,
when it exercises its right of subrogation as an insurer, its only burden is to
show that the tortfeasor=s negligence proximately caused the incident
leading to the workers= compensation claim and the amounts it
paid on that claim.  Harris County cites the subrogation provisions of the
Texas Labor Code, as well as Tex. Workers= Compensation Insurance Fund v.
Serrano, 962 S.W.2d
536, 537B38 (Tex. 1998) (per curiam), and
Marvin Frank Motor Co. v. Harris County, No. 01-02-01105-CV, 2004 WL
549487, at *1 (Tex. App.CHouston [1st Dist.] Mar. 18, 2004, pet.
denied) (mem. op.), as authority for its position.

We agree with Metro.  In a subrogation action, a workers= compensation
carrier directly suing the tortfeasor has the same burden and elements of proof
as a claimant suing the tortfeasor.  This position is supported by relevant
Texas Supreme Court case law, as well as the plain language of the Texas Labor
Code.  We examine each in turn.

A.      As
Subrogee, Harris County Steps Into Townsell=s Shoes

The Texas Supreme Court has explained that, when a workers= compensation
carrier asserts a subrogation claim against a third-party tortfeasor, the
carrier asserts a claim that is derivative of the employee=s claim.  See
Franks v. Sematech, Inc., 936 S.W.2d 959, 960 (Tex. 1997) (per curiam) (AThere is but one
cause of action for an employee=s injuries, and it belongs to the
employee.@).  In this situation, the carrier Astands in the
shoes@ of the injured
employee. Bashara v. Baptist Mem=l Hosp. Sys., 685 S.W.2d 307,
311 (Tex. 1985).  The rights conferred by subrogation are entirely derivative
of the subrogor/employee=s interests, to which the carrier/subrogee
merely succeeds.  See Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.,
236 S.W.3d 765, 774 (Tex. 2007) (explaining that, in the subrogation context,
the subrogor obtains only those rights held by the subrogee against the third
party, subject to any defenses held by the third party against the subrogee);
see also Guillot v. Hix, 838 S.W.2d 230, 232 (Tex. 1992).








B.      The Cited Statutory Language Does Not Support
Harris County=s Position

Chapter 417 of the Texas Labor Code covers third party
liability in workers= compensation cases.  Harris County
contends that the plain language of section 417.001 supports its position that,
in order to recover the benefits paid to Townsell and his medical care
providers, it must prove only (1) that Metro=s negligence was
the proximate cause of the collision with the tractor Townsell was driving and
(2) the amounts paid to Townsell or on his behalf.  We find no such support in
section 417.001.

Section 417.001 of the chapter is entitled AThird-Party
Liability.@  Section 417.001(a) authorizes an employee or legal
beneficiary of the employee to sue a third party for damages resulting from an
injury compensable under the workers= compensation
statute. See Tex. Lab. Code
' 417.001(a). 
Paragraph (a) also authorizes the employee or legal beneficiary to pursue a
claim for workers= compensation benefits while pursuing a
third party claim. See id.

Paragraph (b) of section 417.001 addresses the workers= compensation
carrier=s subrogation
interests and rights.  First, it sets out the carrier=s subrogation
interest:

(b)  If a benefit is claimed by an
injured employee or a legal beneficiary of the employee, the insurance carrier
is subrogated to the rights of the injured employee . . . . 

Id. ' 417.001(b). 
Next, paragraph (b) clarifies that a workers= compensation
carrier may itself sue the third party:

. . . [the insurance carrier] may enforce the liability of the third
party in the name of the injured employee or the legal beneficiary.

Id. 








The remainder of paragraph (b) addresses the right of the
carrier to reimbursement for paid benefits when the employee or the carrier
recover damages from the third party.  This portion of paragraph (b) limits the
carrier=s subrogation
interest to the total benefits incurred on behalf of the employee and then
explains what happens when the employee or carrier recover more than the
carrier=s subrogation
interest:

The insurance carrier=s subrogation interest is limited to the amount of the total benefits
paid or assumed by the carrier to the employee or the legal beneficiary, less
the amount by which the court reduces the judgment based on the percentage of
responsibility determined by the trier of fact . . . attributable to the
employer.  If the recovery is for an amount greater than the amount of
the insurance carrier=s subrogation interest, the
insurance carrier shall:

(1) reimburse itself and pay the costs from the amount recovered; and

(2) pay the remainder of the amount recovered to the injured employee
or the legal beneficiary.

Id.

Harris County argues that the following italicized language
from paragraph (b) reflects the legislature=s intent that it
may recover from a third party tortfeasor the full amount it paid to the
injured employee without having to prove the reasonableness of the charges:

The insurance
carrier=s subrogation interest is limited to the
amount of  the total benefits paid or assumed by the carrier to the employee .
. . .

Id. (emphasis added).

We disagree for two reasons.  First, the purpose of section
417.001 is not to set forth burdens of proof or the specifics of what the
insurance carrier or the injured employee must prove at trial to recover from a
third party.  No burdens, or elements, of proof are mentioned either in
the italicized language or in any other part of section 417.001.  Second, we
read the italicized language as merely placing a limitCor capCon what the
insurance carrier may recover.  It does not state that the carrier shall receive
the total benefits paid to or assumed for the injured employee.

For these reasons, we cannot agree that section 417.001(b)
alters or otherwise affects the burden or elements of proof required of a
workers= compensation
carrier in a subrogation action against a third-party tortfeasor.








C.      Harris
County=s Case Law is Distinguishable

We also have reviewed the case law cited by Harris County
in its brief and conclude that the case law does not support Harris County=s position.  As noted above, Harris County cites
two opinionsCone from the Texas Supreme Court, and a memorandum opinion of our sister
courtCas authority for a
different burden and elements of proof in a subrogation action.  See Serrano, 962 S.W.2d at 537B38; Marvin Frank Motor Co., 2004 WL 549487,
at *1. 








In Serrano,
a workers= compensation carrier was reimbursed from damages recovered by the
injured employee/claimant. See Serrano, 962 S.W.2d at 537B38.  In that case, an injured
employee sued, among others, the third-party tortfeasor.  Id. at 537. 
The workers= compensation carrier intervened to assert its subrogation rights to
medical benefits paid on behalf of the injured employee.  Id.  After the
carrier intervened, the employee settled with the tortfeasor.  Id.  The
trial court approved the settlement, but refused to reimburse the carrier for the
medical benefits paid because it failed to prove that each amount paid was Areasonable and necessary.@ Id.  The Texas Supreme Court
held that, when a carrier is reimbursed from the employee=s recovery, the carrier is entitled
to reimbursement without proving that the amounts paid to its injured employee
or on his behalf were reasonable and necessary. Id. at 538.  Serrano stands
for the proposition that a workers= compensation carrier need not prove
the reasonableness and necessity of fees and treatmentCand need only prove the amounts it
paidCwhen it is reimbursed from damages
the injured worker recovers from a third-party tortfeasor.  See id.;
see also Tex. Mut. Ins. Co. v. Ledbetter, 251 S.W.3d 31, 37 (Tex. 2008)
(citing Serrano for the proposition that carrier is entitled to
reimbursement without proof of reasonableness of fees and necessity for
treatment when it is reimbursed from damages recovered by its injured worker). 
Under Serrano, Harris
County does not have to show that the benefits it paid were reasonable and
necessary to receive reimbursement of the amount of these benefits from the
recovery against a third-party tortfeasor. See Serrano, 962 S.W.2d at
538.  Nonetheless, Serrano does not address what a workers= compensation carrier must do when it
seeks to recover against an alleged third-party tortfeasor in the name of the
injured employee, and other cases show that the carrier must prove the same
damages as the injured employee would, for example, reasonable expenses of
necessary medical care in the past actually paid or incurred by or on behalf of
Spencer Townsell.  See id. at 537B38; Franks, 936 S.W.2d at 960.

Marvin
Frank Motor Co.
involved procedural facts similar to this appeal, but the holding was based on
proof in the record of the reasonableness and necessity of medical expenses. 
In that case, the plaintiff/injured employee was injured when the van he was
driving was rear-ended by a truck owned by the defendant and driven by the
defendant=s employee. See Marvin Frank Motor Co., 2004 WL 549487, at *1. 
Harris County, as the plaintiff=s employer and a self-insured workers= compensation carrier, paid the
plaintiff=s medical expenses and lost wages. Id.  The plaintiff did not sue
to recover damages. See id.  Harris County then sued the defendant,
asserting its subrogation rights under section 417.001 of the Texas Labor Code.
Id.  A jury found the defendant negligent, and awarded Harris County the
full amount of the medical expenses and lost wages it proved at trial. Id.

On
appeal, the defendant claimed, among other things, that Harris County failed to
prove the reasonableness and necessity of medical expenses paid on behalf of
the injured employee. See id. at *3.  The First Court of Appeals held
that the trial record contained medical testimony proving the reasonableness
and necessity of the fees and treatment and, for this reason, affirmed the
trial court=s judgment. See id.








After
relying on the evidence contained in the record to affirm the trial court
judgment, the court did state in dicta, and relying on Serrano, that the
workers= compensation carrier does not have
to prove the reasonableness and necessity of the fees and treatment.  See
id.  We decline to follow this dicta and assume that it was stated without
the benefit of full briefing on the issue as we have had in this appeal. See
Esquivel, 92 S.W.3d at 21B22 (holding that carrier in subrogation action must prove
that employee=s medical expenses were reasonable and necessary); see also Torrez
v. Sanders, 163 S.W.3d 133, 136 (Tex. App.CSan Antonio 2005, no pet.) (holding
that plaintiff must prove that medical benefits were reasonable and
necessary).  Therefore, we hold that, in a subrogation action, when a workers= compensation
carrier has directly sued the third-party tortfeasor, the carrier has the same
burden and elements of proof as  a claimant directly suing the third-party
tortfeasor.  In this situation, the carrier Astands in the
shoes@ of the injured
employee.  See Bashara, 685 S.W.2d at 311.  To successfully recover on
the employee=s claim, the carrier must therefore prove the same
elements as would a claimant in a direct suit against the tortfeasor.  Nothing
in the Texas Labor Code, nor in the case law cited by Harris County, affects
the carrier=s burden or elements of proof in a subrogation action
against the third-party tortfeasor.

We now examine Metro=s issues.

II.       The
Motion For Directed Verdict

In its first issue, Metro contends that the trial court
erred by denying its motion for a directed verdict on the issue of medical
expenses, temporary impairment, and permanent impairment.  Under its first
issue, Metro also asserts that the trial court erred in overruling its motion
for directed verdict because there is no evidence that the medical expenses
were   reasonable, necessary, and related to the occurrence in question or that
Townsell had a temporary or permanent impairment.[5]

A.      Standard of Review and Applicable Law








We review the denial of a motion for directed verdict by a
legal sufficiency or Ano evidence@ standard of
review. Prestige Ford Co. Ltd. P=ship v. Gilmore, 56 S.W.3d 73, 81
(Tex. App.CHouston [14th Dist.] 2001, pet. denied).  When
reviewing the legal sufficiency of the evidence, we consider the evidence in
the light most favorable to Harris County and indulge every reasonable
inference in Harris County=s favor. See City of Keller v. Wilson,
168 S.W.3d 802, 822 (Tex. 2005).  We must credit favorable evidence if a
reasonable factfinder could and disregard contrary evidence unless a reasonable
factfinder could not.  See id. at 827.  We must determine whether the
evidence at trial would enable reasonable and fair-minded people to find the
facts at issue.  See id.  The factfinder is the only judge of witness
credibility and the weight to give their testimony. See id. at 819. 
Furthermore, statutory construction is a legal question we review de novo. City
of Rockwall v. Hughes, 246 S.W.3d 621, 625 (Tex. 2008).  In construing a
statute, our objective is to determine and give effect to the Legislature=s intent. See
Nat=l Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525,
527 (Tex. 2000). If possible, we must ascertain that intent from the language
the Legislature used in the statute and not look to extraneous matters for an
intent the statute does not state. Id.  If the meaning of the statutory
language is unambiguous, we adopt the interpretation supported by the plain
meaning of the provision=s words.  St. Luke=s Episcopal Hosp.
v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997).

B.      Townsell=s Medical Expenses

1.       Harris
County Had the Burden of Proving that Townsell=s Medical Expenses
Were Reasonable and Necessary

Metro argues that Harris County was required to prove that
Townsell=s medical expenses
were reasonable and necessary, and that Harris County failed to do so.  While
we agree with Metro that Harris County was required to prove that Townsell=s medical expenses
were reasonable and necessary, we disagree that Harris County failed to do so
in this case.[6]








To recover medical expenses, a claimant must prove that the
charges incurred were reasonable and necessary. Nat=l Union Fire Ins.
Co. v. Wyar, 821 S.W.2d 291, 297 (Tex. App.CHouston [1st
Dist.] 1991, no writ).  A plaintiff may prove that medical expenses are
reasonable and necessary either by presenting expert testimony, or by
submitting affidavits in compliance with section 18.001 of the Civil Practices
and Remedies Code. Jackson v. Gutierrez, 77 S.W.3d 898, 902 (Tex. App.CHouston [14th
Dist.] 2002, no pet.); see Tex.
Civ. Prac. & Rem. Code _ 18.001(b).  Moreover, hospital
bills introduced into evidence are sufficient to support an award of past
medical expenses. Nat=l Union Fire Ins.
Co.,
821 S.W.2d at 297.  Proof of amounts charged or paid is not proof of
reasonableness, and the recovery of medical expenses will be denied in the absence
of evidence showing the charges were reasonable and necessary. See Jackson,
77 S.W.3d at 902B03; see also Six Flags of Tex., Inc. v.
Parker, 759 S.W.2d 758, 760 (Tex. App.CFort Worth 1988,
no writ).

With this in mind, we must now examine whether Harris
County presented legally sufficient evidence of the reasonableness and
necessity of Townsell=s medical expenses.

2.       Harris
County Presented Legally Sufficient Evidence That Townsell=s Medical Expenses
Were Reasonable and Necessary

Based on our review of the record, we conclude that Harris
County presented legally sufficient evidence that the medical expenses paid on
Townsell=s behalf were
reasonable and necessary.  As noted above, a plaintiff may prove that medical
expenses are reasonable and necessary by submitting affidavits in compliance
with section 18.001 of the Civil Practices and Remedies Code.[7]
See Jackson, 77 S.W.3d at 902; Tex.
Civ. Prac. & Rem. Code _ 18.001(b).  That section
provides:








Unless a controverting affidavit is
filed as provided by this section, an affidavit that the amount a person is
charged for a service was reasonable at the time and place that the service was
provided and that the service was necessary is sufficient evidence to support a
finding of fact by judge or jury that the amount charged was reasonable or that
the service was necessary.

Tex. Civ. Prac. & Rem. Code _ 18.001(b).  In
order to be sufficient, the affidavit must (1) be taken before an officer with
authority to administer oaths; (2) be made by the person in charge of records
showing the service provided and the charge made; and (3) include an itemized
statement of the service and charge. See id. _ 18.001(c).

At trial, Harris County presented the billing records of
four of Townsell=s medical care providers, along with the
sworn affidavits of the records custodian for each provider.  The billing
records provided itemized statements of the amounts charged and the medical
services performed on Townsell, while the affidavits contained the custodians= respective
averments that the services provided were necessary and that the amounts
charged for the services were reasonable.[8] 
In addition, each of the affidavits were properly sworn to before a notary
public.  Metro failed to file any controverting affidavits at trial.

Because Harris County filed affidavits in compliance with
section 18.001 of the Civil Practices and Remedies Code, and because Metro
failed to file any controverting affidavits, the evidence is legally sufficient
to prove that Townsell=s medical expenses were reasonable and
necessary.  For this reason, the trial court did not err in denying Metro=s motion for
directed verdict on the issue of whether Townsell=s medical expenses
were reasonable and necessary.








C.      Causal
Relationship

Metro also argues that the trial court erred in overruling
its motion for directed verdict because there is no evidence that the medical
expenses were related to the occurrence in question.  This argument lacks
merit.  The causal nexus between the event sued upon and the plaintiff=s injuries must be
shown by competent evidence. See Guevara v. Ferrer, 247 S.W.3d 662, 666
(Tex. 2007); Morgan v. Compugraphic Corp., 675 S.W.2d 729, 732 (Tex.
1984).  Non-expert evidence, including lay witness testimony, alone is
sufficient to support a finding of causation in circumstances where both the
occurrence and conditions complained of are such that the general experience
and common sense of laypersons are sufficient to evaluate the conditions and
whether they were probably caused by the occurrence.  See Guevara, 247
S.W.3d at 668.  The Texas Supreme Court has acknowledged that Acausation as to
certain types of pain, bone fractures, and similar basic conditions following
an automobile collision can be within the common experience of lay jurors.@ Id.








Based on our review of the record, we hold that Harris
County presented legally sufficient evidence showing a causal relationship
between the collision and Townsell=s medical
expenses. Townsell=s testimony was not refuted or otherwise
controverted by Metro at trial.  His testimony establishes a sequence of events
from which the jury could properly infer, without the aid of expert medical
testimony, that the collision with the Metro bus caused Townsell to suffer
injury, and that his medical expenses were causally related to this accident.[9]
See Morgan, 675 S.W.2d at 733 (AGenerally, lay
witness testimony establishing a sequence of events which provides a strong,
logically traceable connection between the event and the condition is
sufficient proof of causation.@); see also Guevara, 247 S.W.3d at
669 (concluding that lay witness testimony of circumstances surrounding an
automobile accident and the plaintiff=s complaints are
sufficient to allow a layperson of common knowledge and experience to determine
that the plaintiff=s immediate post-accident condition which
resulted in his transportation to and examination in the emergency room, as
well as the medical expenses for his examination and treatment, were causally
related to the accident).

D.      Temporary or Permanent Impairment








Metro also contends on appeal that the trial court erred in
denying its directed verdict, in which it asserted that there is no evidence
that Townsell had a temporary or permanent impairment.  This argument fails for
several reasons.  First, Metro did not assert this argument in its motion for
directed verdict.  Second, although Metro did assert this argument in its
motion for new trial, in its opening appellate brief, Metro never asserts that
the trial court erred in denying its motion for new trial.  In any event, even
if Metro had made this argument, it would lack merit.  As to its claim against Metro as an
alleged third-party tortfeasor in the name of the injured employee, Harris
County must prove up common law damages, which do not include statutory temporary
income benefits or impairment income benefits[10]
based on temporary or permanent impairment.  See, e.g., Strauss v. Cont=l Airlines, Inc., 67 S.W.3d 428, 435 (Tex. App.CHouston [14th Dist.] 2002, no pet.)
(explaining Apast lost earnings@ and Aloss of earning capacity@ in personal injury case).  Even if
there were legally insufficient evidence that Townsell had a temporary or permanent
impairment, that would
be irrelevant to the subrogation claim against Metro.[11]


For the reasons stated above, we overrule Metro=s first issue.

III.      Questions
3 and 4 of the Jury Charge Were Improperly Submitted

We now turn to Metro=s second issue, in
which Metro contends that the trial court erred by overruling its objections
that the jury charge failed to ask the jury to determine whether the medical
expenses were reasonable and necessary, and whether the alleged damages
resulted from Metro=s negligence.  We review alleged jury
charge error for an abuse of discretion. Holeman v. Landmark Chevrolet Corp.,
989 S.W.2d 395, 397 (Tex. App.CHouston [14th Dist.] 1999, pet. denied)
(citing Tex. Dep=t of Human Servs.
v. E.B., 802 S.W.2d 647, 649 (Tex. 1990)).  A trial court abuses its
discretion if it fails to analyze or apply the law correctly. In re Sw. Bell
Tel. Co., 226 S.W.3d 400, 403 (Tex. 2007).  If we find error in the charge,
we must determine whether it is reversible by reviewing the pleadings of the
parties, the evidence presented at trial, and the charge in its entirety. See
Island Recreational Dev. Corp. v. Republic of Tex. Savings Ass=n, 710 S.W.2d 551,
555 (Tex. 1986).  We will reverse only if the error, viewed in light of the
totality of the circumstances, amounted to a denial of the rights of the
complaining party that probably caused the rendition of an improper judgment. Id.;
Tex. R. App. P. 44.1(a)(1). 
However, whether the charge has submitted the controlling issues in the case,
in terms of theories of recovery or defense, is a question of law that we
review de novo. De Leon v. Furr=s Supermarkets,
Inc.,
31 S.W.3d 297, 300 (Tex. App.CEl Paso 2000, no pet.).








In its charge, the trial court apparently accepted Harris
County=s argument that,
if it proves that Metro=s negligence caused the accident, then
Harris County may recover all the benefits that it paid, without proving that
any amount of damages resulted from the accident.  However, as stated above,
the trial court should have charged the jury the same as in a negligence claim
by Townsell, including standard damage questions regarding reasonable expenses of necessary
medical care in the past actually paid or incurred by or on behalf of Spencer
Townsell and past lost earnings or loss of earning capacity sustained in the
past.  See Serrano, 962 S.W.2d at 537B38; Franks, 936 S.W.2d at 960;
Bashara, 685 S.W.2d at 311.  We conclude that the trial court erred by
overruling Metro=s objections.  Under the charge submitted to the jury,
the trial court did not  require findings on these controlling issues. See
Ford Motor Co. v. Ledesma, 242 S.W.3d 32, 43-44 (Tex. 2007) (holding that
it is reversible error when a charge omits essential elements of a claim over
the objection of the defendant); see also Sw. Bell Tel. Co. v. John Carlo
Tex., Inc., 843 S.W.2d 470, 472 (Tex. 1992) (reversing and remanding cause
of action because the trial court failed to submit question requiring jury to
make finding on controlling issue). Metro asserts that this error requires
reversal.  We agree.

We conclude that this error is reversible.[12] 
See Ledesma, 242 S.W.3d at 43B44; see also
John Carlo Tex., Inc., 843 S.W.2d at 472.  We therefore sustain Metro=s second issue.[13]








Conclusion

We affirm that portion of the judgment awarding Harris
County property damages in the amount of $4,140.67.  We reverse the remainder
of the judgment and remand for further proceedings in accordance with this
opinion.

 

 

/s/      Wanda McKee Fowler

Justice

 

 

Judgment rendered and Memorandum
Opinion filed August 26, 2008.

Panel consists of Justices Fowler,
Frost, and Seymore.









[1]  According to the parties= briefs, Townsell intervened in the suit, seeking to
recover for pain and suffering and mental anguish.  The jury did not award
Townsell any damages for pain and suffering or mental anguish, although the
trial court ordered that Penny White, Townsell=s attorney, be awarded $1,000 from the jury=s award to Harris County.  No party has appealed this
award of attorney=s fees to White, and we do not address that award
here.





[2]  Neither Metro nor Harris County has appealed the
property damage award.





[3]  Though Metro disputed that Harris County could
recover these amounts against Metro in the subrogation action, the parties did
not dispute that Harris County had paid these amounts.  





[4]  In its judgment, the trial court actually awarded
Harris County $20 less than this amount, but this discrepancy is not relevant
to the appellate issues in this case.





[5]  Harris County contends that Metro failed to preserve
error on all of these grounds in the trial court.  We conclude that Metro
voiced in its motion for directed verdict the complaint that there is no
evidence that the medical expenses were reasonable, necessary, and related to
the occurrence in question.  Contrary to Metro=s assertion in its appellate brief, Metro did not argue in its motion
for directed verdict that there is no evidence that Townsell had a temporary or
permanent impairment.  Metro did preserve this argument in its motion for new
trial; however, Metro has not challenged the denial of that motion in its
opening brief on appeal, and this argument fails for the reasons mentioned
below.





[6]  We review the legal sufficiency of the evidence in
this regard even though the jury charge did not ask the jury to determine
whether the medical expenses were reasonable and necessary because this
determination is required under Texas law and because Metro objected to this
omission in the jury charge. See Tractebel Energy Mtkg., Inc. v. E.I. DuPont
DeNemours & Co., 118 S.W.3d 60, 68B69
(Tex. App.C Houston [14th Dist.] 2003, pet. denied).

 





[7]  Affidavits complying with section 18.001(b) do not,
in and of themselves, establish a causal nexus between the collision and
Townsell=s medial expenses. See Owens v. Perez, 158
S.W.3d 96, 110 (Tex. App.CCorpus Christi 2005, no pet.).  However, as we discuss
below, Harris County presented legally sufficient evidence that Townsell=s injuries were caused by the collision with the Metro
bus.  Furthermore, Metro stipulated to the amount of property damage incurred
by Harris County.  Thus, Metro does not contest that the negligence of the
Metro bus driver caused the collision with the tractor Townsell drove.





[8]  Specifically, Harris County submitted billing
records and affidavits for Churchill Evaluation Centers, Mana MRI, Medical
Evaluation Specialists, and United Neurology.  The records
custodian for Churchill Evaluation Centers averred in her affidavit that the
charges for Townsell=s treatment were Areasonable
for like or similar services rendered in the vicinity in which they were
incurred,@ and that Athese
charges were necessary in connection with the treatment of the above-named
person.@  Although these statements do not directly track the
statutory language of section 18.001(b), we find that they satisfy the
requirements of that subsection. See Tex.
Civ. Prac. & Rem. Code _ 18.001(b).





[9]  The facts of this appeal fall within the type of
testimony the Texas Supreme Court contemplated in Guevara, where the
Court stated that lay witness testimony alone could support a finding of
causation under Alimited circumstances.@ See Guevara, 247 S.W.3d at 667.  There, Justice Johnson
explained:

 

The record before us contains lay testimony about [the
plaintiff=s] pre-accident physical condition, his activities and
other events leading up to the accident, the accident, an investigating police
officer=s report, and post-accident events including medical
treatments.  This type of evidence Aestablishing
a sequence of events which provides a strong, logically traceable connection
between the event and the condition@
could suffice to support a causation finding between the automobile accident
and basic physical conditions which (1) are within the common knowledge and
experience of laypersons, (2) did not exist before the accident, (3) appeared
after and close in time to the accident, and (4) are within the common
knowledge and experience of laypersons, caused by automobile accidents.  For
example, if [the plaintiff] had been pulled from a damaged automobile
with overt injuries such as broken bones or lacerations, and undisputed
evidence which reasonable jurors could not disbelieve showed that he did not
have such injuries before the accident, then the physical conditions and
causal relationship between the accident and the conditions would ordinarily be
within the general experience and common knowledge of laypersons.

 

Id. (emphasis added).





[10]  As stated above, Harris County only has to prove
that it paid these benefits to receive reimbursement of the amount of these
benefits from the recovery against a third-party tortfeasor. See Serrano,
962 S.W.2d at 538.  The amount of these payments was not disputed at trial.





[11]  Furthermore, even if Metro had preserved error and
argued on appeal that there is no evidence that the occurrence in question
caused lost earnings or lost earning capacity, this argument would lack merit
because there is legally sufficient evidence in this regard.  Townsell testified
that (1) he missed sixteen weeks of work as a result of the accident, (2) he
experienced lower back and neck pain during those sixteen weeks, and (3) he did
not receive his full income during this period.





[12]  Although Harris County met the requirements of
section 18.001(b) of the Civil Practice and Remedies Code through the medical
expenses affidavits, the affidavits were not proof as a matter of law of the
reasonableness and necessity of the expenses they discussed. See Tex. Civ. Prac. & Rem. Code ' 18.001(b); see also Beauchamp v. Hambrick,
901 S.W.2d 747, 749 (Tex. App.CEastland 1995,
no writ).  Section 18.001(b) states only that the affidavits are Asufficient evidence to support a finding of fact by
judge or jury that the amount charged was reasonable or that the service was
necessary.@  Tex. Civ.
Prac. & Rem. Code ' 18.001(b). 
Thus, without a finding that the services were necessary and the charges
reasonable, pursuant to Ledesma, we must reverse and remand. Ledesma,
242 S.W.3d at 43B44.





[13]  Because we reverse and remand based on Metro=s second issue, we need not and do not address Metro=s third issue.