

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00092-CV

_____

IN THE INTEREST OF J.A.P., A.K.A.C., D.J.P., AND C.C.P., CHILDREN

On Appeal from the 62nd Judicial District Court
Hopkins County, Texas
Trial Court No. CV 38,003

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Maria Campos Aguilar appeals the termination of her parent-child relationship with J.A.P., A.K.A.C., D.J.P., and C.C.P. The State alleged, among other things, that the children's father, Jose I. Paz Rivera, sexually abused A.K.A.C. and transmitted herpes to A.K.A.C. The jury found that Aguilar knowingly placed or knowingly allowed the children to remain in conditions, surroundings, or with persons which endangered the physical or emotional well-being of the children and found that Aguilar's parental rights should be terminated. At trial, the State introduced evidence concerning Aguilar's oldest daughter M.R., who was not part of the termination proceeding. Aguilar's sole issue on appeal is that the trial court erred in admitting the evidence concerning M.R. Because we find, even if the issue was preserved for appellate review, the trial court did not abuse its discretion, we affirm the judgment of the trial court.

## I.      Preservation of Error

The State claims error is not preserved for our review. To preserve error for appeal, a defendant must (1) object, (2) state the grounds with sufficient specificity, and (3) obtain an adverse ruling. TEX. R. APP. P. 33.1; *see Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). According to the State, Aguilar merely filed a motion in limine, which was denied.[1] Aguilar, citing

---

[1]We note the record contains a signed order granting Aguilar's motion in limine. However, as discussed below, the trial court ruled on the admissibility of the evidence prior to the testimony of the first witness.

TEX. R. EVID. 103(a)(1), argues error is preserved because Aguilar objected to the evidence and obtained a ruling outside the presence of the jury.

It is well settled that the granting of a motion in limine is not sufficient to preserve error for review, but rather there must be a proper objection to the proffered evidence. *Zinda v. McCann St., Ltd.*, 178 S.W.3d 883, 894 (Tex. App.—Texarkana 2005, pet. denied). A motion in limine seeks to exclude objectionable matters from coming before the jury through a posed question, jury argument, or other means. *Weidner v. Sanchez*, 14 S.W.3d 353, 363 (Tex. App.—Houston [14th Dist.] 2000, no pet.). A motion in limine is a preliminary ruling by a trial court. A motion in limine is defined as a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make so as to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury. *Fort Worth Hotel Ltd. P'ship v. Enserch Corp.*, 977 S.W.2d 746, 757 (Tex. App.—Fort Worth 1998, no pet.).

In Aguilar's motion in limine, she requested the court exclude any evidence of "any alleged actions by Mother towards a certain Ms. [M.R.]." While a motion in limine will not preserve an issue for appellate review, the record establishes that Aguilar also presented the issue to the trial court and obtained a ruling on the admissibility of the evidence. After the parties had given their opening statements but before the first witness testified, the trial court dismissed the jury for lunch. When the court reconvened, the trial court made several rulings outside the presence of the jury. The State requested that the court reconsider its ruling on Aguilar's motion in limine. Although the

3

request by the State could be interpreted as being limited to the motion in limine, the record shows that the admissibility of the evidence was discussed on the merits. In response to the State's request, the defense argued the evidence was inadmissible character evidence. Although the defense did not say, "I object" or "objection," the substance of the defense's response was to object to the presentation of the evidence, rather than merely request a motion in limine. In essence, the motion in limine had served its purpose by requiring the State to present to the trial court, outside the jury's presence, the justification for excluding the evidence. The record establishes that the trial court treated the response as an objection. The court asked the State if it had a specific statute authorizing the admissibility of the evidence. The State argued the evidence was admissible under Section 263.307 of the Texas Family Code as evidence of a history of abusive or assaultive conduct by the child's family. The trial court ultimately ruled as follows: "All right. Then I'll allow it in. I'll allow that evidence in. I'll overrule the objection to that evidence and allow it in for the purpose of knowledge and as specific under that statute." We reject the State's claim that the ruling was limited to the motion in limine.

Thus, the situation before this Court is a nonparticularized objection on which the trial court issued a ruling. Rule 103(a)(1) of the Texas Rules of Evidence provides:

> When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence be admitted, such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of repeating those objections.

4

TEX. R. EVID.103(a)(1). While the literal text of Rule 103(a)(1) appears to clearly apply to this situation, the application of the literal text in civil cases[2] has been considerably less clear. *Compare Clark v. Trailways, Inc.*, 774 S.W.2d 644, 647 & n.2 (Tex. 1989) (holding in context of discovery abuse that objection must be made when evidence offered, but suggesting in footnote a pretrial ruling might preserve error in other contexts); *Torrez v. Sanders*, 163 S.W.3d 133, 134 n.1 (Tex. App.—San Antonio 2005, no pet.) (finding ruling outside presence of jury preserved error); *Huckaby v. A. G. Perry & Son, Inc.*, 20 S.W.3d 194, 204–05 (Tex. App.—Texarkana 2000, pet. denied) (concluding pretrial *Daubert*[3] ruling preserved error); *In re Ch. E.*, No. 05-97-00055-CV, 1999 Tex. App. LEXIS 5197 (Tex. App.—Dallas July 15, 1999, no pet.) (not designated for publication); 7 WILLIAM V. DORSANEO, III AND FRED D. NATION, JR., TEXAS LITIGATION GUIDE § 114.05 (LEXIS current through 2009); 3 ROY W. MCDONALD & ELAINE A. GRAFTON CARLSON, TEXAS CIVIL PRACTICE § 19:7 (2d ed. 2000 & Supp. 2008). One of the difficulties with this procedure is the broad and general nature of the motion or objection to ("any alleged actions") whereas the ruling of the court appears to overrule the objection and allow evidence only for the purpose of "knowledge" and if the evidence is "under that statute." It is not necessary for us to decide whether the issue was

---

[2]Aguilar cites a number of criminal cases to support her argument that error is preserved. In the criminal context, preservation of error under these circumstances—while not a model of clarity—is more clear than in the civil context. Because this is a civil case, we are obligated to follow the precedent of the Texas Supreme Court rather than the precedent of the Texas Court of Criminal Appeals.

[3]*Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993); *see also Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706 (Tex. 1997).

5

preserved in this case.  As discussed below, even if error is preserved, the trial court did not abuse its discretion in admitting the evidence.  For the purposes of this opinion, we will assume—without deciding—that error was preserved for our review.

## II.     The Trial Court Did Not Err In Admitting the Evidence

Aguilar argues, in her sole issue on appeal, the trial court erred in admitting evidence concerning her relationship with M.R., her oldest daughter.  Because the State was not seeking to terminate the parent-child relationship between M.R. and Aguilar, Aguilar claims the evidence was inadmissible under Rule 404(b) of the Texas Rules of Evidence.  *See* TEX. R. EVID. 404(b).  Rule 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts used "to prove the character of a person in order to show action in conformity therewith." *Id*.  The State argues that the evidence was admissible to determine whether termination was in the best interests of the children.

We review the trial court's rulings in admitting or excluding evidence under an abuse of discretion standard. *In re J.T.G.*, 121 S.W.3d 117, 133 (Tex. App.—Fort Worth 2003, no pet.).  The test for abuse of discretion is not whether, in the opinion of the reviewing court the facts present an appropriate case for the trial court's action; rather, it is a question of whether the court acted without reference to any guiding rules or principles, and the mere fact that a trial court may decide a matter within its discretionary authority different than an appellate judge does not demonstrate such an abuse. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex. 1985).

6

Aguilar argues she was entitled to be tried on the allegations the State made in its pleading, rather than for being an unfit mother in general. The State has the burden of proving, by clear and convincing evidence,[4] both the statutory ground(s) for termination, *see* TEX. FAM. CODE ANN. § 161.001(1) (Vernon 2008), and that termination is in the best interests of the children. *See* TEX. FAM. CODE ANN. § 161.001(2) (Vernon 2008). Regardless of whether the evidence concerning M.R. would have any probative value concerning grounds for termination as listed in Section 161.001(1), the evidence would be probative of whether termination is in the children's best interests.

Section 263.307 provides a laundry list[5] of factors to consider in determining the best interest of the child. *See* TEX. FAM. CODE ANN. § 263.307 (Vernon 2008). This list includes whether there is "a history of abusive or assaultive conduct by the child's family," whether the family is willing to "effect positive environmental and personal changes within a reasonable period of time," and the

---

[4]Clear and convincing evidence is that degree and quantity of evidence that produces in the mind of the trier of fact a firm belief or conviction of the truth of the allegations to be established. TEX. FAM. CODE ANN. § 101.007 (Vernon 2008); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002).

[5]We note that the State justified the admission of the evidence on "a history of abusive or assaultive conduct by the child's family." While some of the evidence concerning M.R. dealt with abusive or assaultive conduct, most of the evidence concerning M.R. dealt with Aguilar's parenting skills and Aguilar's decision to permit M.R.'s former teacher and her husband to be appointed M.R.'s legal guardians. No further objection was posed to any of the evidence. This illustrates why some courts have required, even if a ruling has been made outside the jury's presence, a specific, contemporaneous objection when the evidence is offered, particularly if the evidence expands beyond the scope for which it was originally offered. However, we must affirm the trial court's ruling if it is correct under any legal theory supported by the record. A trial court cannot abuse its discretion if it reaches the right result, even for the wrong reason. *In re Guardianship of Erickson*, 208 S.W.3d 737, 744 (Tex. App.—Texarkana 2006, no pet.). Therefore, we are not limited to the single factor advanced by the State.

parenting skills of the family. *See id.* The evidence concerning M.R. was probative evidence concerning these factors.

The Texas Supreme Court has stated that the factors listed in Section 263.307 should be taken into account when determining if termination of parental rights is in the best interests of children. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). This Court has commented that one of these factors is Section 263.307(b)(7) allowing evidence of a "history of abusive or assaultive conduct by the child's family." *In re S.K.A.*, 236 S.W.3d 875, 903 (Tex. App.—Texarkana 2007), *pet. denied*, 260 S.W.3d 463 (Tex. 2008). When considering the same issue, best interest of a child, the San Antonio Court of Appeals has held "the Family Code mandates that such evidence be admitted . . . in order to establish what is in the best interest of the child." *In re M.R.*, 975 S.W.2d 51, 55 (Tex. App.—San Antonio 1998, pet. denied); *see In re K.L.R.*, 162 S.W.3d 291, 305 (Tex. App.—Tyler 2005, no pet.) (agreeing evidence of other wrongs or acts was "admissible for the purpose of determining what is in the child's best interest"). Even if Aguilar preserved the issue for appellate review, the trial court did not abuse its discretion in admitting the evidence for the purpose of

determining whether termination was in the best interests of the children.[6]  Aguilar's sole issue is overruled.

For the reasons stated, we affirm the judgment of the trial court.

Jack Carter
Justice

Date Submitted:      March 31, 2009
Date Decided:        April 1, 2009

---

[6]In her appellate and reply brief, Aguilar relies considerably on a memorandum opinion of this Court which reversed the defendant's conviction for misdemeanor assault involving family violence due to the admission of evidence in violation of TEX. R. EVID. 404(b). *See Simmons v. State*, No. 06-07-00071-CR, 2007 Tex. App. LEXIS 9732 (Tex. App.—Texarkana Dec. 14, 2007, no pet.) (mem. op., not designated for publication).  Because *Simmons* did not involve termination of parental rights and the Texas Family Code provisions, but was a criminal case, it is distinguishable.

9